Edwin H. CLARK, II, Secretary, Department of Natural Resources and Environmental Control of the State of Delaware, Plaintiff,

v.

TEEVEN HOLDING COMPANY, INC., a Delaware corporation, Defendant/Third-Party Plaintiff,

v.

M & M CLEANERS, INC., a Delaware corporation, The Estate of Grace W. McCambridge, Dorothy Ann Rash, Grace Rose McElwee, Karen Regina Blevins, Newark Cleaners and Dyers, Inc., a Delaware corporation, James H. Cox and Aldona L. Cox, Third-Party Defendants.

Civ. A. No. 11763.

Court of Chancery of Delaware, New Castle County.

Submitted: Oct. 7, 1992.
Decided: Dec. 16, 1992.

---

Kevin P. Maloney, Deputy Atty. Gen., Department of Natural Resources and Environmental Control, Wilmington, for plaintiff.

Richard J. Abrams, Robert W. Whetzel, and Peter L. Frattarelli, Richards, Layton & Finger, Wilmington, for defendant/third-party plaintiff Teeven Holding Co., Inc.

Michael J. Goodrick, and Richard L. Abbott, Theisen, Lank, Mulford & Goldberg, P.A., Wilmington, for third-party defendants, M & M Cleaners, Inc., Dorothy Ann Rash, Grace Rose McElwee, Karen Regina Blevins and The Estate of Grace W. McCambridge.

Anthony G. Flynn, Young, Conaway, Stargatt & Taylor, Wilmington, for third-party defendants Newark Cleaners and Dyers, Inc., James H. Cox and Aldona L. Cox.

HARTNETT, Vice Chancellor.

This controversy arose because the purchaser of a parcel of real estate, Teeven Holding Company, Inc. ("Teeven"), discovered that the lands it purchased were contaminated by seepage from an underground storage tank.

Teeven and the State then entered into a Consent Agreement providing for the removal of the contaminant. Immediately after the Consent Agreement was entered into, the State brought this suit to enjoin Teeven from violating a state environmental statute. A judgment by consent was then entered by this Court.

Subsequently, Teeven joined in this suit certain third-party defendants, and sought to assert money damages against them arising from the contamination.

The third-party defendants have now moved to dismiss this action as to them alleging that this Court does not have jurisdiction to hear the claims asserted by the third-party plaintiff (Teeven) because the third-party complaint essentially alleges a claim for money damages for which there is an adequate remedy at law.

The motion to dismiss the third-party complaint must be granted because there is

an adequate remedy at law for all the third-party claims.

## I

On August 15, 1988, defendant/third-party plaintiff Teeven Holding Company, Inc. (Teeven) purchased property located on E. Main Street in Newark, Delaware from third-party defendant, the Estate of Grace W. McCambridge. Prior to the purchase of the property by Teeven, the other third-party defendants allegedly had owned the property or had conducted a dry cleaning business on the property. After taking title to the property, Teeven discovered underground storage tanks and notified the Delaware Department of Natural Resources and Environmental Control ("the Department") of its intent to remove the tanks. During the course of removing the tanks, soil samples were taken that revealed that the subsurface soils had been contaminated by petroleum products and tetrachlorethane. Teeven and the Department then agreed to a remedial plan to reduce the contaminants in the subsurface soils and groundwater. Teeven also agreed to carry out remediation of the soils and groundwater in accordance with the remedial plan. This agreement was incorporated into a Consent Order between Teeven and the Department dated October 10, 1990. Two days later the State, through the Secretary of the Department, brought this suit alleging that Teeven had violated the Delaware Environmental Protection Act, 7 Del.C. Ch. 60 and the Delaware Underground Storage Tank Act ("Storage Tank Act"), 7 Del.C. Ch. 74. Despite that Teeven had already agreed to the remedial action, the complaint contained a request for an injunction requiring Teeven to remediate the property in accordance with the remedial plan contained in the Consent Order. On the day after suit was filed, because the Consent Order was agreed to by the parties, this Court entered it as an Order of the Court.

On October 19, 1990, Teeven filed a third-party complaint against the third-party defendants alleging that they were liable to Teeven for any remediation costs incurred by it pursuant to the Consent Order. In the third-party complaint it was alleged that the third-party defendants were liable to Teeven under several legal theories and Teeven prayed for a declaratory judgment and money damages. On May 26, 1992, this Court granted Teeven leave to amend its complaint to join additional third-party defendants and to add an additional claim under the provisions of the Delaware Hazardous Substance Cleanup Act ("Hazardous Substance Act"), 7 Del.C. Ch. 91, seeking relief similar to that sought in the original third-party complaint.

On December 27, 1991, one of the third-party defendants M & M Cleaners, Inc. filed a motion to dismiss the third-party complaint for lack of subject matter jurisdiction pursuant to Chancery Court Rule 12(b)(1) on the grounds that this Court lacked subject matter jurisdiction over the underlying action filed by the Department against Teeven and that, in any case, Teeven has an adequate remedy at law for its third-party claims. Third-party defendants Dorothy Ann Rash, Karen Regina Blevins, Newark Cleaners & Dyers, Inc., James H. Cox and Aldona L. Cox have joined in that motion.

## II

■ This Court as a court of limited jurisdiction exercises jurisdiction only "over all matters and causes in equity". 10 Del.C. § 341. It has the same jurisdiction as the English High Court of Chancery had in 1776. Glanding v. Industrial Trust Co., Del.Supr., 45 A.2d 553, 555–56 (1945). duPont v. duPont, Del.Supr., 85 A.2d 724 (1951). This Court thus has jurisdiction to hear such traditional, equitable matters as trusts and fiduciary relations. It also has jurisdiction to hear claims where the law courts cannot afford an adequate remedy. Thus, this Court exercises jurisdiction over matters where an injunction is sought. 1 POMEROY, Equity Jurisprudence § 139 (5th ed. 1951).

■ This Court may also exercise jurisdiction in matters that were unknown in 1776 but where there is today no adequate remedy in any other court. Severns v.

*Wilmington Medical Center, Inc.,* Del. Supr., 421 A.2d 1334 (1980).

The General Assembly may also expand the jurisdiction of the Court of Chancery beyond the bounds of the jurisdiction of the English High Court of Chancery as it existed in 1776 by adding jurisdiction by statute. *See, e.g.,* 8 *Del.C.* § 225 (granting authority to Court of Chancery to adjudicate results of corporate elections).

10 *Del.C.* § 342 provides:

The Court of Chancery shall not have jurisdiction to determine any matter wherein sufficient remedy may be had by common law, or statute, before any other court or jurisdiction of this State.

The Delaware Supreme Court in *Glanding v. Industrial Trust Co.,* Del.Supr., 45 A.2d 553 (1945), held that the predecessor to 10 *Del.C.* § 342 merely represented a legislative declaration of a traditional maxim by which equity courts defined their jurisdiction and that the statute "did not operate as a restriction or limitation of the exercise of equitable jurisdiction. *Id.* at 557. Therefore, the Court held that if the subject matter of a claim was within the jurisdiction of the English High Court of Chancery in 1776, this Court's jurisdiction over that subject matter would not be divested by the General Assembly granting jurisdiction over it to another court of this State unless it was clear the General Assembly intended to abrogate the jurisdiction of the Court of Chancery. *Id.* at 559–60. Absent a manifestation of such intent, the Court held that a person could elect to proceed either in the Court of Chancery or the other court in which the General Assembly had granted jurisdiction. *Id.* at 560. *See also, duPont v. duPont,* Del. Supr., 85 A.2d 724 (1951).

Similar reasoning applies in situations in which the law courts assume jurisdiction over a right or remedy that was traditionally equitable. As Judge Rodney observed:

[Chancery] will not allow itself to be ousted of any part of its original jurisdiction because a court of law happens to fall in love with the same or a similar jurisdiction.

*Glanding v. Industrial Trust Co.,* Del. Supr., 45 A.2d at 565 (1945) (Rodney, J., dissenting) (quoting *Fox v. Wharton,* 5 Del. Ch. 200 (1878). *See,* 1 POMEROY, *Equity Jurisprudence* §§ 276–81 (5th ed. 1941). *Compare, Schlusser, Reiver, Hughes & Sisk v. Carter,* Del.Ch., C.A. 10679–NC, Allen, C. (April 12, 1989) (interpleader not independent basis of equity jurisdiction because it is available in Superior Court).

While a court of equity may not be deprived of its jurisdiction simply because a court of law has expanded its jurisdiction into a particular area, equitable jurisdiction may be abandoned. 1 POMEROY, *Equity Jurisprudence* § 281a (5th ed. 1941). For example, a court of equity will no longer entertain a suit simply because it is brought by the assignee of a debt or of a chose in action. *Id., Illinois Finance Co. v. Interstate Rural Credit Ass'n,* Del.Ch., 101 A. 870 (1917). Similarly, while courts of equity may originally have had jurisdiction over all instances of fraud, equity today will assume jurisdiction over fraud only when other equitable relief—such as equitable rescission—is sought. *Hegarty v. American Commonwealths Power Corp.,* Del.Ch., 163 A. 616 (1932); McCLINTOCK, *Equity* § 84 (1948).

Equity may also, at its discretion, exercise concurrent jurisdiction over a purely legal claim for which there is an adequate remedy at law in the course of deciding other claims for which equity jurisdiction exists. *Getty Ref. & Marketing Co. v. Park Oil, Inc.,* Del.Ch., 385 A.2d 147 (1978), *aff'd,* Del.Supr., 407 A.2d 533 (1979).

The term "equity jurisdiction" is often misunderstood. The term "jurisdiction of a court" usually is used to mean the power conferred upon a court by the sovereign authority to consider and determine controversies and to enforce its decisions. The term "equity jurisdiction", however, correctly means something else, i.e., the aggregate of the controversies in which the Court of Chancery may properly exercise its power to grant equitable relief. McCLINTOCK, *Equity* § 40 (West Pub. Co. 2d ed. 1948).

Thus a decision by the Court of Chancery that it will assume "equity jurisdiction" over a particular controversy because there is no adequate remedy at law is not void if wrong and is subject only to direct attack. An objection to the exercise of equity jurisdiction may therefore be waived. McCLINTOCK, *Equity* §§ 40, 41 (2nd ed. 1948); POMEROY, *Equity Jurisdiction* § 130 (5th ed. 1941).

### III

To determine whether this Court should entertain Teeven's third-party complaint, each claim in it must be considered *seriatim* to determine if an adequate remedy for it exists at law.

Teeven first alleges, in its third-party complaint, that the third-party defendants are strictly liable to it because they conducted an ultrahazardous activity. This claim is clearly a claim for money damages and the law courts afford an adequate remedy for it.

### IV

Teeven next alleges that certain third-party defendants committed fraud. Whether a claim for fraud asserted by an alleged defrauded purchaser may be brought as a legal or equitable claim depends upon the relief sought. A defrauded party may elect to affirm the challenged contract and seek money damages. He then has an action at law for the tort of deceit. *Hegarty v. American Commonwealths Power Corp.*, Del.Ch., 163 A. 616, 619 (1932); *Mackenzie Oil Co. v. Omar Oil & Gas Co.*, Del.Super., 154 A. 883, 891 (1929). On the other hand, a defrauded purchaser may elect to disaffirm the contract and be restored to the status quo ante. In such a case, he would have an equitable action for rescission. *Hegarty, supra*, 163 A. at 618. Teeven, however, does not seek to rescind the contract to purchase the property but instead seeks money damages for the alleged fraud on it by the sellers. Teeven, therefore, has an adequate remedy at law for its claim for damages arising from fraudulent conduct.

### V

Teeven also claims that it is entitled to contribution from the third-party defendants.

Equity has traditionally recognized a right to contribution among co-guarantors. *De Paris v. Wilmington Trust Co.*, Del.Supr., 104 A. 691, 695 (1918); McCLINTOCK, *Equity* § 204 (2d ed., 1948). Teeven, however, does not claim to be a co-guarantor with the third-party defendants. Instead, the essence of Teeven's claim for contribution is that Teeven, as an alleged tort-feasor under state environmental statutes, is legally entitled to contribution from third-party defendants who are alleged to be joint tort-feasors with Teeven.

Under Delaware law, however, there was no right to contribution among joint tort-feasors until the enactment of the Uniform Contribution Among Tort–Feasors Act on May 7, 1949. 10 *Del.C.*, Ch. 63. *See, Distefano v. Lamborn*, Del.Super., 81 A.2d 675, 678 (1951). In *Distefano*, Judge Layton held that the substantive right to contribution among joint tort-feasors was created by the Uniform Act. *Id.* at 680–81. Because the substantive right to contribution among joint tort-feasors was not created until the adoption of the Uniform Act in 1949, that right was never a part of equity's traditional jurisdiction in Delaware.

This Court does not exercise jurisdiction over claims "wherein sufficient remedy may be had by common law, *or statute,* before any other court or jurisdiction of this State." 10 *Del.C.* § 342 (emphasis added). Contribution among joint tort-feasors is available under the Uniform Contribution Among Tort–Feasors Act in the law courts of this State. *See, e.g., Clark v. Brooks*, Del.Super., 377 A.2d 365 (1977) *aff'd sub nom. Blackshear v. Clark*, Del. Supr., 391 A.2d 747 (1978). Teeven, therefore, has an adequate remedy at law for this claim.

### VI

Teeven also claims the right to indemnification from the third-party defendants.

While indemnity ordinarily arises out of a contract, it may also be based upon equitable principles. *Insurance Co. of North America v. Waterhouse*, Del.Super., 424 A.2d 675, 678 (1980). The term "equitable principles", as used in *Waterhouse* does not mean, however, that indemnity among alleged joint tort-feasors is a cause of action or remedy cognizable in equity. The use of the term "equitable principles", in that context, is merely equivalent to the words "principles of fairness or justice." This Court does not hold a monopoly on deciding cases based on "equitable principles." *See*, 10 *Del.C.* § 542(c) (Superior Court to exercise powers "according to law and equity").

Numerous actions seeking indemnity between joint tort-feasors have been prosecuted in Superior Court. *See, e.g., Waterhouse, supra; Cumberbatch v. Board of Trustees, Delaware Technical & Community College*, Del.Super., 382 A.2d 1383, 1389 (1978); *Ianire v. University of Delaware*, Del.Super., 255 A.2d 687, 693 (1969), *aff'd sub nom. Diamond State Telephone Co. v. University of Delaware*, 269 A.2d 52, 57 (1970).

There is therefore an adequate remedy at law in the Superior Court for this type of claim.

### VII

Teeven in its third-party complaint next claims the right to restitution from the third-party defendants. Certain forms of restitutionary relief, such as the imposition of a constructive trust, the imposition of an equitable lien, or a decree of subrogation, are available only in equity. *Restatement of Restitution*, p. 640. However, while a decree for money will sometimes be entered by a court of equity, ordinarily a money judgment based on restitution must be obtained in an action at law. *Restatement of Restitution*, comment to § 4(f). An action in general assumpsit was historically permitted in the law courts in nearly all cases "where one has received or used something for which it was just that he should compensate another, the remedy being a money payment for the value of

the thing given or the benefit received." *Restatement of Restitution*, introductory note, p. 8. Equity still retains jurisdiction to hear nearly all claims for breach of a fiduciary duty and in many claims where a person by fraud, mistake or duress has been deprived of property. *Restatement of Restitution*, introductory note, p. 9. *See, Home Insurance Co. v. Honaker*, Del. Supr., 480 A.2d 652 (1984) (action in Chancery for mistake); *Chambers v. Kane*, Del. Ch., 424 A.2d 311 (1980) (breach of fiduciary duty), *aff'd in part, rev'd in part*, Del. Supr., 437 A.2d 163 (1981); *Oberly v. Kirby*, Del.Supr., 592 A.2d 445 (1991) (action in Chancery for breach of fiduciary duty). And of course equity retains jurisdiction where relief is sought that is not available at law, such as rescission of a land transaction. *Restatement of Restitution*, introductory note, pp. 9–10. *See, Womach v. Thomas*, Del.Ch., 486 A.2d 15 (1984) (injunction sought); *Fleer Corp. v. Topps Chewing Gum, Inc.*, Del.Supr., 539 A.2d 1060 (1988) (action in Chancery for equitable accounting).

In other situations, even if equity still retains concurrent jurisdiction over certain claims for restitution, the law courts of this State have long awarded plaintiffs restitution in the form of a money judgment. *See Bellanca Corp. v. Bellanca*, Del.Supr., 169 A.2d 620 (1961); *Helmerich & Payne v. Colorado Interstate Gas Co.*, Del.Supr., 187 A.2d 67 (1962).

As noted, the deprivation of property through fraud is one instance in which equity sometimes, out of necessity, assumes jurisdiction over an action in restitution because without Chancery jurisdiction there might be no way to compel the return of the retained property. Although Teeven alleges fraud on the part of certain third-party defendants, the circumstances alleged do not give rise to a claim in equity. Where a person acquires title to money from another by fraud, the defrauded person can seek relief at law against the wrongdoer in a quasi-contractual action or in an action of tort for deceit or conversion. *Restatement of Restitution*, § 166, comment b. An action in equity for restitution

of money can only be maintained under these circumstances if the remedies at law are not adequate; for example, if the wrongdoer is insolvent or is unable to return the property, or if there is another basis for a suit in equity such as the existence of a fiduciary relation. *Id.* Teeven asserts no circumstances that would require the intervention of a court of equity to obtain the requested restitutionary relief for the alleged fraud. Therefore, Teeven has an adequate remedy at law for its claim of money damages in restitution.

Furthermore, this Court, in determining whether there is equity jurisdiction, examines the allegations in the complaint in light of what the claimant actually seeks to gain thereby and does not merely rely on the prayers in the pleadings. *Hughes Tool Co. v. Fawcett Publications, Inc.,* Del.Ch., 297 A.2d 428, 431 (1972), *rev'd on other grounds,* Del.Supr., 315 A.2d 577 (1974). This Court will take a practical view of the complaint and will not permit a suit to be brought in the Court where a complete legal remedy otherwise exists but where the claimant has prayed for some traditional equitable relief as an "open sesame" to the Court. *International Business Machines Corp. v. Comdisco, Inc.,* Del.Ch., 602 A.2d 74 (1991).

Teeven has labeled its claim as one for "restitution", and a claim for restitution can, under certain circumstances, be an equitable claim. But what Teeven really seeks is the recovery from third-party defendants of the money that it was required to spend pursuant to the consent judgment in satisfying obligations under the environmental laws. Going beyond the "facade of prayers", Teeven really seeks either indemnification or contribution, neither of which, as previously discussed, are the basis of recovery in equity when they are between joint tort-feasors.

## VIII

Teeven also seeks a declaratory judgment declaring that each third-party defendant is liable to it for the costs of remediating the property. The power to grant declaratory relief has been granted to both this Court and the Superior Court. 10 *Del.C.* § 6501. The jurisdiction of this Court to grant declaratory relief in a particular case, however, is dependent upon whether equity would independently have jurisdiction over the controversy, without reference to the declaratory judgment statute. *Heathergreen Commons Condominium Association v. Paul,* Del.Ch., 503 A.2d 636, 642 (1985). *Jefferson Chem. Co. v. Mobay Chem. Co.,* Del.Ch., 253 A.2d 512 (1969); *City of Wilmington v. Delaware Coach Co.,* Del.Ch., 230 A.2d 762 (1967). Therefore, this Court has jurisdiction to hear a declaratory judgment action only if there exists an underlying basis for equity jurisdiction under traditional standards. *Id.* The underlying basis for equity jurisdiction is not present here because, as discussed, Teeven has an adequate remedy at law for all of its claims.

## IX

Teeven's amended complaint next sets forth a claim that third-party defendants are liable to it under the Delaware Hazardous Substance Act, 7 *Del.C.,* Ch. 91. Teeven claims that this Court has jurisdiction to hear such a claim. The Act creates an express private right of action for anyone who expends moneys performing a remedy or remedial action against other responsible parties who have not entered into a settlement with the Secretary of the Department. 7 *Del.C.* § 9105(d). Under the Act a plaintiff is entitled to "reimbursement" for costs incurred and "contribution" for moneys expended to reimburse the State for its expenses. "Reimburse" means "to pay back, to repay that expended; to indemnify, or make whole." BLACK'S *Law Dictionary,* p. 1157 (5th ed.) (1979). Therefore, 7 *Del.C.* § 9105(d) provides an express private right to contribution or reimbursement against other responsible parties on behalf of a claimant who expended money performing a remedial action in satisfaction of the substantive requirements of the statute. The issue, however, is whether this private cost recovery action is available in equity or whether it is available at law.

Federal courts construing the Federal Comprehensive Environmental Response, Compensation and Liability Act of 1980, 42 *U.S.C.* §§ 9601 *et seq.*, that is somewhat similar to 7 *Del.C.*, Ch. 91, have considered cost recovery actions, whether brought by the Government or by individuals, as equitable actions in restitution for which no jury trial is required. *United States v. Mottolo,* 605 F.Supp. 898, 913 (D.N.H.1985) (Government cost recovery action); *Wehner v. Syntex Corp.,* 682 F.Supp. 39 (N.D.Cal.1987) (private cost recovery action). However, unlike in the federal statute, the Delaware General Assembly specifically provided that government cost recovery actions are to be brought in the law courts. 7 *Del.C.* § 9109(d) specifically grants jurisdiction to the Superior Court to decide cost recovery actions brought by the Secretary of the Department. 7 *Del.C.*, Ch. 91 is also silent as to any jurisdictional grant to any court for the private cost recovery actions authorized by 7 *Del.C.* § 9105(d).

■■■ The Superior Court is a court of general jurisdiction, while this Court is a court of limited jurisdiction. *See, Stidham v. Brooks,* Del.Supr., 5 A.2d 522, 524 (1939) (Superior Court is one of general jurisdiction); *Harman v. Masoneilan International, Inc.,* Del.Ch., 418 A.2d 1004, 1007 (1980) (Court of Chancery is court of limited jurisdiction), *rev'd on other grounds,* Del.Supr., 442 A.2d 487 (1982). The General Assembly can only confer jurisdiction on this Court by specifically so providing. *Beals v. Washington International, Inc.,* Del.Ch., 386 A.2d 1156, 1157–60 (1978) (since penalties were not within historic jurisdiction of courts of equity, Court of Chancery lacked jurisdiction to award them unless General Assembly so provided); Del. Const. art. IV, § 10. Jurisdiction over private cost recovery actions under 7 *Del.C.* § 9105(d) therefore rests in the Superior Court.

Nor is there any logical reason for a Government cost recovery action to be brought as an action at law and a similar private cost recovery action to be brought as an action in equity. The Department must bring its cost recovery claims against a purchaser of contaminated property in Superior Court. In such a case, under Teeven's theory that private actions under 7 *Del.C.* § 9105(d) are actions only in equity, a purchaser, such as Teeven, would have to defend the Department's suit in Superior Court and bring a separate suit in this Court for contribution. This, of course, would lead to higher litigation costs, a waste of sparse judicial resources and might lead to inconsistent results.

■■■ The intent of the Delaware Hazardous Substance Act is clear. Private cost recovery actions brought under 7 *Del.C.* § 9105(d) are the same as actions brought for money damages by way of indemnification or contribution. As discussed previously, actions for indemnification and contribution are maintainable at law in Delaware. Therefore, a plaintiff under the Hazardous Substance Act has an adequate remedy in the Superior Court. Indeed, the remedy should be in the Superior Court so that a Department cost recovery action and a private action can be resolved in a single forum.

■■■ Teeven therefore has an adequate remedy at law in the Superior Court for its claim under the Delaware Hazardous Substance Act.

### X

Teeven's third-party complaint also claims that the third-party defendants violated the Delaware Underground Storage Tank Act ("Storage Tank Act"), 7 *Del.C.*, Ch. 74, and that they are liable to Teeven for the costs of remediation under that Act. The Storage Tank Act, unlike the Hazardous Substance Act, does not expressly provide for a private right of action. For purposes of deciding this motion to dismiss, it is not necessary to determine whether there is such a private right of action, however, because if such a right of action exists it would be based on the right of contribution, a right enforceable in the law courts of this State.

■■■ The Storage Tank Act, like the Hazardous Substance Act, provides an ex-

press right of action for the Department to recover moneys that it has expended in cleaning up leaking underground storage tanks. 7 *Del.C.* § 7419. Unlike the Hazardous Substance Act, however, the Storage Tank Act does not specify the forum in which such actions are to be brought. In the absence of the naming of a specific forum, the Superior Court, as a court of general jurisdiction, has jurisdiction over those claims and it has exercised jurisdiction over cost recovery actions brought by the Department pursuant to the Storage Tank Act. *See, Wilson v. Triangle Oil Co.*, Del.Super., 566 A.2d 1016 (1989).

■ It would not be logical or efficient to permit the Department to pursue a cost recovery action at law in Superior Court against a purchaser of a contaminated property while requiring the purchaser to pursue his cost recovery action in this Court. There also may be many instances when, as alleged in this suit, an underground storage tank leaks hazardous substances giving rise to a claim under both the Storage Tank Act and the Hazardous Substance Act. Because, as discussed, Superior Court has jurisdiction over Storage Tank Act cost recovery actions whether brought by the Department or private parties, judicial economy is better served by placing Hazardous Substance Act cost recovery actions in the same forum even in the absence of an express statutory grant of jurisdiction to that court.

### XI

■ While there appears to be a remedy at law for each of Teeven's theories of recovery, in order to be "adequate", a legal remedy must be available as a matter of right, be full, fair and complete, and be as practical to the ends of justice and to prompt administration as the remedy in equity. *Family Court v. Department of Labor and Industrial Relations*, Del.Ch., 320 A.2d 777, 780 (1974).

■ An action for money damages is available at law under all of Teeven's theories of recovery. Because a money judgment is what Teeven really seeks, a law court can provide it with full, fair and complete relief.

Teeven, however, argues that it is not practical to the ends of justice to require that a new suit arising out of the same facts be commenced in Superior Court while this action continues in this Court. In reality, however, there is no pending claim in this Court. The only claim of the only plaintiff, the Department, asserted in this action was reduced to a final judgment by consent on October 13, 1990, over two years ago. There was no appeal. The suit as brought by the Department was therefore over the day the final consent judgment was entered.

■ Teeven also argues that it is not practical to the ends of justice to require that its claims be sent to a crowded and more backlogged law court. This argument is without merit. This Court is a court of limited jurisdiction and the scope of its jurisdiction is not determined by the degree of backlog in the law courts.

None of the claims of Teeven are cognizable at equity, therefore, unless this Court, in the exercise of its discretion, takes jurisdiction over these claims.

### XII

■ It is a well-established that if a controversy contains any equitable feature that would provide this Court with subject-matter jurisdiction over any part of a controversy, the Court may, in its discretion, take jurisdiction over the entire controversy. *Getty Refining & Marketing Co. v. Park Oil, Inc.*, Del.Ch., 385 A.2d 147, 149 (1978) *aff'd*, Del.Supr., 407 A.2d 533 (1979). In so doing, this Court may award a money judgment. *Id.* at 150. *Wilmont Homes v. Weiler*, Del.Supr., 202 A.2d 576 (1964); *New Castle County Volunteer Fireman's Ass'n v. Belvedere Volunteer Fire Co.*, Del.Supr., 202 A.2d 800 (1964). Therefore, this Court has the discretion to take jurisdiction over and to decide law claims in the course of resolving any equitable features of a controversy.

■ The decision to exercise discretionary jurisdiction over claims for which

there is an adequate remedy at law is at the discretion of this Court. *Getty, supra.* This Court may in its discretion continue to hear the legal claims or to transfer those claims to the appropriate law court. *Id.* Some of the reasons why this Court may elect to exercise its discretion and hear the entire controversy are:

> to resolve a factual issue which must be determined in the proceedings; to avoid a multiplicity of suits; to promote judicial efficiency; to do full justice; to avoid great expense; to afford complete relief in one action; and to overcome insufficient modes of procedure at law.

*Id.* Of great importance also is whether the facts involved in the legal and in the equitable claims are so intertwined that it would be undesirable or impossible to sever them. *Id.,* (citing *Young v. Vail,* 29 N.M. 324, 222 P. 912, 929 (1924)). This Court should also consider whether the claims are primarily the type that are usually tried before a jury and that depriving the law courts of jurisdiction would also deprive a party of a jury trial. *In re Markel,* Del. Supr., 254 A.2d 236 (1969).

■ Having weighed these factors, the Court finds that this would not be an appropriate case for the Court to exercise its discretion to hear Teeven's legal claims even if it still had subject matter jurisdiction over any part of the controversy.

The Department appears to have filed this suit against Teeven only as a vehicle for obtaining judicial approval of the Consent Order to which the two parties had already agreed. While the Department pled a claim for injunctive relief, it has not taken any steps to pursue that relief. And the original suit, as a practical matter, no longer exists because a final order of judgment was entered in it on October 13, 1990 and there was no appeal. It seems highly unlikely that the original "controversy" between the Department and Teeven will ever require any further judicial involvement by this Court. The Consent Order provides that it shall be terminated when the Department provides Teeven with a letter of compliance upon satisfactory completion of the remedial plan. The Consent Order acknowledges that Teeven has cooperated with the Department throughout the investigation and remediation.

Therefore, further action will take place in this Court only in the unlikely event that Teeven fails to perform the cleanup in accordance with the terms of the consent order and a proceeding for contempt is commenced. That, in essence, will be a new proceeding with a new claim. Even if that occurs due to a failure of Teeven to perform the cleanup, the issues in that proceeding will necessarily be confined to a determination whether Teeven had complied with the Consent Order or if there was a justifiable excuse for any failure to do so. The resolution of these issues will have little bearing on the issues likely to be relevant in a trial on Teeven's third-party complaint, *e.g.,* which of the third-party defendants, if any, is responsible for the contamination on the property and what are the relative degrees of fault, if any, among the parties. Therefore, no judicial economy will be gained by this Court assuming jurisdiction over Teeven's third-party complaint nor are the facts so intertwined that it would be undesirable to sever the legal claims from the equitable claims, assuming, arguendo, that the equitable claims still exist.

## XIII

Third-party defendants also assert that the third-party claims must be dismissed on the grounds that this Court did not have jurisdiction over the subject matter of the suit at the time it was originally filed.

■ As discussed previously, the term "equity jurisdiction" merely means "... that the [equity] court ought not to act if such jurisdiction is lacking, not that it has no power to act." McCLINTOCK, *Equity* § 40. Where equity jurisdiction is lacking, therefore, "a decree rendered by the court is erroneous only and not void ... The existence of an adequate remedy at law does not exclude the power of a court of equity to act in the matter, it only makes it improper for it to act ..." *Id.* If a defendant waives its objection to equity jurisdiction, the Court's assumption of equi-

ty jurisdiction is not considered erroneous, let alone void. POMEROY, *Equity Jurisprudence* § 130 (5th ed. 1941).

 Therefore, even if this Court was imprudent in assuming jurisdiction over the original controversy between Teeven and the Department when it entered a judgment by consent, that action was not void because equity jurisdiction may be waived. McCLINTOCK, *Equity* § 41. Because Teeven did not object to this Court's assumption of jurisdiction over the controversy and consented to it, any objection to this court initially taking jurisdiction in this suit must be deemed to have been waived. See Chancery Rule 12(b).

## XIV

 For the reasons stated above, Teeven has an adequate remedy at law for all its claims and there is no reason why this Court should entertain them. While the motion to dismiss was brought by certain third-party defendants only and did not address Teeven's Hazardous Substance Act claim, the third-party action must be dismissed as to all claims. This Court has the power to dismiss an action for lack of equity jurisdiction *sua sponte*. *ACI Realty, Inc. v. Rollins Properties, Inc.*, Del.Ch., C.A. No. 8454-NC, 1986 WL 4871, Hartnett, V.C. (April 18, 1986); Chancery Rule 12(h)(3). Therefore, the motion of certain third-party defendants to dismiss will be granted and the amended third-party complaint will be dismissed in its entirety, subject to an election of transfer of these claims to the Superior Court pursuant to 10 *Del.C.* § 1902.

IT IS SO ORDERED.