**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Date Submitted: May 8, 2019
Date Decided: May 10, 2019

Garrett B. Moritz, Esquire
Anne M. Steadman, Esquire
Ross Aronstam & Moritz LLP
100 S. West Street, Suite 400
Wilmington, Delaware 19801

James M. Yoch, Jr., Esquire
Young Conaway Stargatt
& Taylor, LLP
1000 North King Street
Wilmington, Delaware 19801

Re: *Helix Generation LLC v. Transcanada Facility USA, Inc., et al.*,
C.A. No. 2018-0856-SG

Dear Counsel:

The Court of Chancery is a court of limited jurisdiction. Its jurisdiction is that of the English Court of Chancery as it existed in the year of independence, 1776,[1] and as expanded and limited by the General Assembly. Essentially, the Court of Chancery is a court of equity, requiring an equitable cause of action (typically involving breaches of duty by those in a position of special trust, as fiduciaries) or a plaintiff's need for an equitable remedy (such as injunction) to confer jurisdiction.[2] The Delaware Code states that this Court "shall not have jurisdiction to determine any matter wherein sufficient remedy may be had by common law, or statute, before

---

[1] *Clark v. Teeven Hold. Co., Inc.*, 625 A.2d 869, 875 (Del. Ch. 1992) (citing *Glanding v. Indus. Trust Co.*, 45 A.2d 553, 555–56 (Del. 1945)).

[2] *Int'l Bus. Machs. Corp. v. Comdisco, Inc.*, 602 A.2d 74, 78 (Del. Ch. 1991).

any other court or jurisdiction of this State."[3]  "Thus, where a remedy provided by a law court of the state would be sufficient, that is, complete, practical and efficient, this Court is without jurisdiction."[4]  Without jurisdiction, obviously, this Court has no power to act, and it is not uncommon for the Court, *sua sponte*, to transfer legal cases brought, improvidently, in Chancery.[5]  Those cases generally fit a pattern: they are those where a "complete legal remedy otherwise exists but where the plaintiff has prayed for some type of traditional equitable relief as a kind of formulaic 'open sesame' to the Court of Chancery."[6]  Such cases are dismissed unless the plaintiff elects to transfer to an appropriate court of law.  This case is different.  Here, the Complaint does not pray for equitable relief at all, nor does it recite a statutory basis for jurisdiction in this Court.  Instead, the Plaintiff recites the parties' contractual agreement as sufficient to confer jurisdiction in the Court of Chancery.[7]

To summarize this matter's brief procedural history, the Plaintiff brought suit on November 27, 2018, alleging breach of contract and fraud in the inducement concerning a purchase of assets, and seeking damages.  Its Complaint contains a section titled "Jurisdiction and Venue," which recites why the state of Delaware has personal jurisdiction over the Defendants, and which recites a contractual stipulation

---

[3] 10 Del. C. § 342.
[4] *Int'l Bus. Machs. Corp.*, 602 A.2d at 78 (internal quotations omitted).
[5] *See, e.g.*, *Feinberg v. Feinberg*, 1977 WL 176279 (Del. Ch. Mar. 29, 2977); *Mass. Mut. Life Ins. Co. v. Certain Underwriters at Lloyd's of London*, 2010 WL 3724745 (Del. Ch. Sept. 24, 2010).
[6] *Int'l Bus. Machs. Corp.*, 602 A.2d at 78.
[7] Compl. ¶ 25.

that "any Proceeding in connection with or relating to [the contract] or any matters contemplated hereby . . . shall be brought exclusively in the Delaware Court of Chancery . . . ."[8] The Complaint does not address how the Court of Chancery has equitable jurisdiction over this matter.[9] As a cat may look at a king, so too may the parties to a contract agree to litigate disputes in any court they wish; such election may bind the parties, but can never bind a court, and cannot satisfy the jurisdictional requirements of this Court of limited jurisdiction.

The Defendants moved to dismiss the suit on December 19, 2018, under Rule 12(b)(6), for failure to state a claim. The Defendants' opening brief in support of their motion, filed on February 13, 2019, did not address equitable jurisdiction, nor did their reply brief filed on April 17, 2019. Oral argument was scheduled for April 29, 2019. Upon review of the papers, however, I questioned whether equitable jurisdiction exists, given that from the face of the Complaint there appears to be an adequate remedy at law. Accordingly, at the outset of oral argument, I asked the parties to address that issue. I ultimately continued oral argument on the Motion to Dismiss. I allowed the Plaintiff eleven days to consider the jurisdictional question and provide me with a response, followed by a reply from the Defendants.

---

[8] *Id.*
[9] *See id.* ¶¶ 24–27.

In its response, the Plaintiff requests that I permit it to amend its Complaint or that I transfer the case to Superior Court, where it will be content to stand on its Complaint and the already-filed Motion to Dismiss briefing.[10]  In reply, the Defendants argue that I should dismiss the Complaint without prejudice pursuant to Court of Chancery Rule 12(b)(1) with leave to amend, or that I dismiss the Complaint under the same Rule so that the Plaintiff may elect to transfer to Superior Court under 10 *Del. C.* § 1902.  In that situation, the Defendants "agree[] . . . that the parties shall stand on the current complaint and motion to dismiss briefing."[11]

The Plaintiff argues that a basis for statutory jurisdiction may exist here. Section 111 of the DGCL expands this Court's jurisdiction in the way of certain corporate instruments and actions.  Subsection (a)(2)(iii) of that Section gives jurisdiction, concurrently with the courts of law, to "interpret, apply, enforce or determine the validity" of an agreement "by which a corporation agrees to sell, lease or exchange any of its property or assets," and which provides "by its terms" for stockholder approval of the transaction.[12]  The seller here, according to the Plaintiff, is a wholly-owned subsidiary, and the Plaintiff argues that at some level its owner/stockholder must have approved of the transaction;[13] presumably, such

---

[10] Pl.'s May 6, 2019 Ltr., at 4.
[11] Defs.' May 7, 2019 Ltr., at 2–3.
[12] 8 *Del. C.* § 111(a)(2)(iii).
[13] *See* Apr. 25, 2019 Tr.; Pl.'s May 6, 2019 Ltr., at 3.

approval is inherent in the agreement, and can therefore be considered "by its terms" to be required. The Plaintiff seeks leave to amend, so that it may assert that such is the case.

The Plaintiff makes a lawyerly argument indeed. However, the Superior Court has indisputable jurisdiction here: Section 111(a), to the extent it applies, provides permissive, not mandatory, jurisdiction in this Court.[14] The Plaintiff's proposed amendment to the Complaint would require the Court, with the assistance of the parties, to make a further determination of Chancery jurisdiction, perhaps after allowing discovery regarding jurisdiction. This would be an exercise rendered valueless by the Superior Court's availability to hear this breach of contract and tort action—that is, to hear this *legal* action. The parties have agreed, if the matter is transferred to the Superior Court, to stand on the Complaint and briefing on the Motion to Dismiss, so that efficiency—with respect to both the parties and the court—would be served.

Under 10 Del. C. § 1902, "no civil action, suit or other proceeding brought in any court of this State shall be dismissed solely on the ground that such court is without jurisdiction of the subject matter . . . . Such proceeding may be transferred to an appropriate court for hearing and determination . . ."[15] Based on the facts

---

[14] Causes of action described in Section 111(a) "may be brought in the Court of Chancery . . . ." 8 *Del. C.* § 111(a).
[15] 10 *Del. C.* § 1902.

5

alleged in the Complaint, it is apparent to me that the Court of Chancery lacks jurisdiction to hear this action as it now stands. It is equally clear to me, given the time and expense that the parties have already dedicated to this litigation, that it is most efficient for this action to proceed, as it currently exists, in the Superior Court. Accordingly, this matter is transferred to the Superior Court, provided that the Plaintiff files an election to transfer and otherwise complies with the requirements set out in 10 *Del. C.* § 1902.

To the extent the foregoing requires an order to take effect, IT IS SO ORDERED.

Sincerely,

*/s/ Sam Glasscock III*

Sam Glasscock III