# IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SCOTT D. WOLLARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 2020-0599-SG |
| | ) | |
| | ) | |
| YODER AND SONS | ) | |
| CONSTRUCTION, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Date Submitted:  December 17, 2020
Date Decided:  January 15, 2021

Scott D. Wollard, *pro se Plaintiff*.

David C. Hutt and Michelle G. Bounds, of MORRIS JAMES LLP, Georgetown, Delaware, *Attorneys for Defendant Yoder and Sons Construction, LLC*.

GLASSCOCK, Vice Chancellor

The Plaintiff, Scott Wollard, is a lot owner in a housing development just west of the Lewes and Rehoboth canal, outside Rehoboth Beach.[1] His house was destroyed by a fire in 2017. He hired Defendant Yoder and Sons Construction, LLC ("Yoder") to rebuild. Per the construction contract (the "Contract"),[2] the house was to be complete September 15, 2019;[3] it remains unfinished. Predictably, the parties disagree as to the blame for this.

Wollard, appearing *pro se*, has sued Yoder for breach of contract, via an amended complaint filed on September 15, 2020 (the "Amended Complaint").[4] Breach of contract is a legal action, for which damages are available.[5] The parties, I note, negotiated for a liquidated damages provision in the Contract. A contract action for damages is an action at law. Wollard also alleges, confusingly to me,

---

[1] The improbable name of which is "The Grande at Canal Pointe."

[2] Exs. Part 1 of Part 2 filed by Scott Wollard on 11-12-20, Dkt. No. 27 [hereinafter "Ex. 1 to Pl.'s Nov. 12 Ltr."]. Ex. 1 to Pl.'s Nov. 12 Ltr. appears to include documents other than the Contract, and it does not have page numbers. For clarity's sake, I will refer to the pages of the Exhibit as though it were paginated in normal fashion. The Contract is located at pages 8–13 of the 25-page Exhibit.

[3] Ex. 1 to Pl.'s Nov. 12 Ltr., at 11.

[4] Am. Compl. for Specific Performance, Breach of Contract filed by Scott Wollard on 9-15-20, Dkt. No. 14 [hereinafter "Am. Compl."].

[5] Wollard also alleges breach of the implied covenant, which is also a contract claim at law.

negligence on the part of Yoder in performing the Contract.[6] Negligence is a legal claim sounding in tort.[7]

Chancery is a court of limited equitable jurisdiction. Absent statutory jurisdiction not pertinent here, Chancery is limited to that jurisdictional sphere enjoyed by the English Court of Chancery as of the time of this State's independence from Britain in 1776.[8] Chancery, accordingly, may adjudicate only two types of cases. The first involves equitable causes of action (notably cases involving fiduciary duties). The instant matter, as just noted, is legal, not equitable. The second arena of Chancery jurisdiction involves legal causes *where equitable relief is required, because adequate relief is unavailable at law*. The Defendant has moved to dismiss under Court of Chancery Rule 12(b)(1), due to lack of equitable jurisdiction here. Upon review of the Amended Complaint and the documents referenced therein, I find that the Defendant's Motion must be granted.

---

[6] Wollard alleges "intentional negligence" in interference with the Contact. I have been more than twenty years a progger in the marshes and swamps of equity, but I admit I have never run across such a beast as "intentional negligence," let alone one menacing contractual rights. Perhaps in the broader uplands of legal jurisdiction such a rare animal may be found, but he surely is in the genus *Tort*, and therefore legal in his nature, if he exists.

[7] Wollard brings six "counts," but in addition to two claims sounding in contract and one in tort, the rest are not causes of action, but instead requests for remedies: specific performance, "temporary" injunction, and expedition.

[8] *Clark v. Teeven Holding Co.*, 625 A.2d 869, 875 (Del. Ch. 1992) (citing *Glanding v. Indus. Trust Co.*, 45 A.2d 553, 555–56 (Del. 1945)).

2

Wollard contends that a court of law would afford him only an inadequate remedy. He invokes this Court's equitable power for two types of equitable relief: he seeks an order requiring specific performance of the Contract, and he seeks an injunction prohibiting Yoder from undertaking any other construction work until Wollard's house is complete. The question before me is whether the money-damages relief available to Wollard at law is nonetheless sufficient to remedy any breach. If it is, I have no jurisdiction here and Wollard must pursue his damages at law.

Generally, contract damages[9] are a sufficient remedy for breach.[10] This rationale is particularly persuasive, where, as here, the parties have provided for liquidated damages in the case of breach.[11] Nonetheless, Wollard contends such damages are insufficient, and that equity therefore must act.

---

[9] As noted above, the Amended Complaint attempts to plead negligence in frustration of the Contract. Because, for purposes of analysis of the jurisdictional issue, the negligence count is redundant of the contract claim, I do not address negligence separately, but include it generally in consideration of the availability of contract damages.

[10] *W. Air Lines, Inc. v. Allegheny Airlines, Inc.*, 313 A.2d 145, 149 (Del. Ch. 1973) ("[I]t is ordinarily the case that: '. . . a party aggrieved by a claimed breach of contract or injured as a result of a tort has a complete and adequate remedy at law in the form of an action for damages.'") (quoting *Hughes Tool Co. v. Fawcett Publications, Inc.*, 297 A.2d 428, 432 (Del. Ch. 1972), *rev'd on other grounds* 315 A.2d 577 (Del. 1974) ("It is true that ordinarily a party with [breach of contract and inducement of breach] claims has an adequate remedy at law.")).

[11] *See Lyons Ins. Agency, Inc. v. Wilson*, 2018 WL 4677606, at *9 (Del. Ch. Sept. 28, 2018) (noting that a buyout provision "functioned as a liquidated damages clause, and prevented a finding of threatened irreparable harm, and thus injunctive relief" at the preliminary injunction phase).

## I. FACTS[12]

The facts pertinent here are undisputed, and are taken from the Amended Complaint and documents referenced therein. Wollard lives in New York City, New York. He had a second home near Rehoboth, in a housing tract known as The Grande at Canal Pointe ("TGACP"). Unfortunately, his property burned in September 2017. Wollard engaged in a competitive bidding process, and chose Yoder to rebuild on his lot. Pursuant to the resulting Contract, the construction was to be completed by September 15, 2019. Time was of the essence. Yoder "abandoned" the project, however, and the house remains partially completed and unfit for habitation.

Wollard filed his initial complaint on July 20, 2020, with a motion for a "temporary injunction" and a motion to expedite.[13] Yoder moved to dismiss. In response, Wollard filed both an answering brief and the Amended Complaint.[14] In September 2020, Yoder renewed its motion to dismiss. Briefing concluded on

---

[12] The facts, except where otherwise noted, are drawn from the Amended Complaint, and exhibits or documents incorporated therein, and are presumed true for the purposes of the Defendant's Motion to Dismiss.

[13] Compl. For Specific Performance, Breach of Contract with Certificate of Service filed by Pro Se Pl., Scott D. Wollard, on 7-20-20, Dkt. No. 1; Mot. for Temp. Inj. filed by Pro Se Pl., Scott D. Wollard, on 7-20-20, Dkt. No. 2; Mot. for Expedited Proceedings filed by Pro Se Pl., Scott D. Wollard, on 7-20-20, Dkt. No. 3.

[14] Pl.'s Answer to Def.'s Aug. 27, 2020 Def.'s [*sic*] Mot. to Dismiss Pl.'s Compl., Pl.'s Mot. for Temp. Inj. and Pl.'s Mot. for Expedited Proceedings filed by Scott Wollard on 9-15-20, Dkt. No. 14; Am. Compl.

December 4, 2020, and, having decided that oral argument is unnecessary, I consider the matter fully submitted as of December 17, 2020.[15]

## II. ANALYSIS

The remedy under the facts alleged would seem to be obvious: hire a new contractor, have the house finished, and sue for damages. Such a remedy is available at law. The burden is on Wollard to establish that, nonetheless, equitable jurisdiction exists.[16] He asserts that legal damages are insufficient, for numerous reasons, and seeks specific performance of the Contract.

A. *The subject matter of the Contract is not unique, so as to require equity to act.*

Wollard points out that land is unique, and that this Court may, as a result, specifically enforce contracts for purchase and sale of real property.[17] Construction of a frame dwelling house itself is not similarly unique, however. In fact, Wollard solicited bids for the project from nine other contractors.[18] Nonetheless, he points to several reasons why only Yoder can satisfy the particular requirements of the

---

[15] Ltr. to Litigants, Dkt. No. 33.

[16] *All. Compressors LLC v. Lennox Indus. Inc.*, 2020 WL 57897, at *3 (Del. Ch. Jan. 6, 2020) ("The party seeking an equitable remedy has the burden to show that a legal remedy would be inadequate.") (quoting *Amaysing Techs. Corp. v. Cyberair Commc'ns, Inc.*, 2004 WL 1192602, at *2 (Del. Ch. May 28, 2004)).

[17] *E.g.*, *DeMarie v. Neff*, 2005 WL 89403, at *4 (Del. Ch. Jan. 12, 2005) ("Specific performance is a remedy that is particularly suitable for land given its unique characteristics.").

[18] Am. Compl. ¶ 5.

project. First, he asserts that Yoder is an adherent to the Amish sect of Christianity[19] (Wollard asserts elsewhere in the pleadings that Yoder is a Mennonite)[20] and that the particular qualities of such religious adherents make their work irreplaceable.[21] Without denigrating the work of either sect, this assertion is fatuous and conclusory. I note that Wollard also accuses Yoder of bad faith in the execution of the contract.[22]

Next, Wollard argues that Yoder promised "Yoder custom cabinets" which are, Wollard asserts, irreplaceable by other builders, a quality of cabinetry loss which is presumably irremediable by damages.[23] This is a conclusory assertion for which Wollard makes no specific pleadings, and is not consistent with common sense.[24] The assertion of the unique nature of Yoder's contracting abilities, I note, is belied by the relief sought in the amended complaint—to compel Yoder *or another contractor* to complete the contract.[25]

---

[19] Pl.'s Answering Br. in Response to Def.'s Opening Br. Regarding Def.'s Renewed Mot. to Dismiss Pl.'s Compl., Pl.'s Mot. for Temp. Inj. and Pl.'s Mot. for Temp. Inj. [*sic*] and Pl.'s Mot. for Expedited Proceedings and Certificate of Service 29, Dkt. No. 23 [hereinafter "Pl.'s Answering Br."].

[20] Ltr. to Vice Chancellor Glasscock to be Taken into Consideration of the Pl.'s Compl., Am. Compl., and Answering Br. Regarding Hearing the Compl. and Granting the Mot. for Expedited Proceedings filed by Scott Wollard 11-12-20, at 1, Dkt. No. 27 [hereinafter "Pl.'s Nov. 12 Ltr."].

[21] *Id.*

[22] Am. Comp. ¶ 26; Pl.'s Answering Br. 2.

[23] Pl.'s Nov. 12 Ltr., at 1.

[24] I need not accept conclusory allegations in considering a motion to dismiss. *MaD Inv'rs GRMD, LLC v. GR Companies, Inc.*, 2020 WL 6306028, at *2 (Del. Ch. Oct. 28, 2020) ("[T]he Court 'need not accept conclusory allegations as true, nor should inferences be drawn unless they are truly reasonable.'") (quoting *Sheldon v. Pinto Tech. Ventures, L.P.*, 220 A.3d 245, 251 (Del. 2019)).

[25] Am. Compl. ¶ 40 ("Plaintiff respectfully requests that the Court order the specific performance of the Contract *either by Defendant or a builder to replace Defendant with Defendant paying all damages*."). Because I find that Wollard has not demonstrated that a remedy at law is insufficient

6

Wollard next makes assertions based on the unique nature of the harm he has suffered. He alleges that damages cannot compensate him for the lost opportunity to relocate from New York City to Sussex County in 2019.[26] As a great admirer of Sussex County, I cannot disagree, but such a loss is not remediable in equity, either. The same applies to his claims that damages cannot address the psychic harm of seeing bird feces in the unfinished structure, an image "that will never be forgotten,"[27] or the insults left on the unfinished walls of the house, in graffiti. I confess this harm is beyond the remedies that even equity, in my limited imagination, may set right; an injunction would provide no relief. I must say the same with respect to Wollard's poignant assertion that time is linear, and that the memories he and his family have not created are irreplaceable. Specific performance is a powerful, but not metaphysical, remedy. Lastly in this category, Wollard assets that the lack of construction progress is causing "harm to [his] reputation" with suppliers and tradesmen, as well as in the community of TGACP at large. I assume that Wollard's reputation among these groups was sterling, and hope it remains so;

---

here, I need not address further whether this Court would order specific performance of this construction project, which would, I suspect, require a level of judicial supervision greatly in excess of what this Court could reasonably provide. *See Williams v. White Oak Builders, Inc.*, 2006 WL 1668348, at *4 n.67 (Del. Ch. June 6, 2006), *aff'd sub nom. Williams v. White Oak Builders*, 913 A.2d 571 (Del. 2006).

[26] Wollard points out that the house could have provided a refuge from COVID, but given the current stage of the pandemic in Sussex County, I am not persuaded that this is an ongoing harm remediable in equity.

[27] *See* Pl.'s Answering Br. 17.

7

I cannot imagine how specific performance of the Contract could enhance it further, however.

In a more concrete fashion, Wollard argues that the parties to the Contract agreed that time was of the essence. He urges me to find that an especial harm is thus present here. Again, however, specific performance cannot remedy the fact that the Contract was to be completed over a year ago, nor is there any indication that an equitable remedy is superior to the legal remedy in securing promptly a dwelling on Wollard's lot. In any event, a time-is-of-the-essence clause goes to whether a minor deviation from a date on which action is required is a breach of the contract; such a clause does not of itself invoke equity.

In short, Wollard has alleged that Yoder has abandoned the project, in breach of the Contract, and that he has been and continues to be damaged as a result. It is clear to me that his frustration at this situation is sincere. If true, he is entitled to relief. He has stated nothing, however, that separates this case from the traditional rule that such a breach receives adequate remedy in legal damages.[28] Here, in fact, the parties agreed to liquidated damages, further negating any claim that equity must act.[29] Because a legal remedy is adequate here, the contract claim must be dismissed.[30]

---

[28] *See W. Air Lines, Inc. v. Allegheny Airlines, Inc.*, 313 A.2d 145, 149 (Del. Ch. 1973).
[29] *See Lyons Ins. Agency, Inc. v. Wilson*, 2018 WL 4677606, at *9 (Del. Ch. Sept. 28, 2018).
[30] The negligence claim is included here, for reasons set out above.

*B. A preliminary injunction is not warranted here.*

Wollard seeks a "temporary injunction" prohibiting Yoder from doing other contracting work until the Contract is specifically preformed. This is a tool to coerce the specific performance remedy; as I have found that damages provide sufficient relief, I need not consider a coercive injunction in aid of that remedy here. For completeness' sake, however, I note that Yoder's argument—that facts are in dispute, precluding such relief and mandating a dismissal—is misplaced. If a request for a preliminary injunction had been properly pled, a factual dispute would not require dismissal at the pleading stage. The standard of proof required for the injunction sought—which Yoder characterizes as a positive injunction—and whether such a standard could be met would be a matter for decision on a record.

### III. CONCLUSION

The Plaintiff's claims are legal, and an adequate remedy exists at law. Accordingly, I have no jurisdiction in the matter. The Defendant's Motion to Dismiss is granted, unless the Plaintiff elects to transfer the matter to a court of law consistent with 10 *Del. C.* § 1902. An appropriate order is attached.

**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

SCOTT D. WOLLARD, )
)
        Plaintiff, )
)
  v. ) C.A. No. 2020-0599-SG
)
)
YODER AND SONS )
CONSTRUCTION, LLC, )
)
        Defendant. )

## <u>ORDER</u>

WHEREAS, upon consideration of Defendant's Motion to Dismiss under Court of Chancery Rule 12(b)(1) and the briefing of the parties with respect thereto, the Court on January 15, 2021, issued a Memorandum Opinion granting the Motion to Dismiss,

NOW, THEREFORE, IT IS HEREBY ORDERED, that:

1. For the reasons stated in the January 15, 2021 Memorandum Opinion, the Defendant's Motion to Dismiss is GRANTED, unless the Plaintiff elects to transfer the matter to a court of law consistent with 10 *Del. C.* § 1902.

**IT IS SO ORDERED** this 15th day of January, 2021.


                      /s/ Sam Glasscock III

                      Vice Chancellor