**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Date Submitted: June 20, 2023[1]
Date Decided: June 20, 2023

David J. Teklits, Esquire
Thomas P. Will, Esquire
MORRIS, NICHOLS, ARSHT &
TUNNELL LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899

Catherine G. Dearlove, Esquire
Robert L. Burns, Esquire
Caroline McDonough, Esquire
Nicholas F. Mastria, Esquire
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801

> Re: *ISS Facility Services, Inc., et al. v. JanCo FS 2, LLC, et al.*,
> C.A. No. 2022-1197-SG

Dear Counsel:

The Labyrinth built by Dedalus on Crete was easy enough to enter, but near-impossible to navigate through—it was sufficiently baffling to detain the Minotaur. Chancery litigation, in a sense, is the opposite. It is not difficult to traverse[2]—indeed, sometimes matters are resolved with great alacrity—but the entrance is

---

[1] After reviewing the parties' submissions, I have determined that I am able to resolve the matter without further argument or briefing. Accordingly, the oral argument previously scheduled for July 6, 2023 is cancelled and I consider the matter fully submitted as of today.

[2] But see the English idiom "in Chancery," a term coined in the 19th century in reference to "the cost and loss of property" likely accompanying a trip through the English Chancery labyrinth; thus, any "awkward predicament," which in turn lent its name to the wrestling hold described as putting the opponent "in chancery," (i.e. the "position of the head when held under the opponent's left arm to be pommelled") because once you are in it, you will find it difficult to get out. *Chancery*, Shorter Oxford English Dictionary on Historical Principles (3rd ed. 1973); *See Chancery*, Dictionary of Word Origins: A History of the Words, Expressions, and Clichés, (1st ed. 2000); *see generally* Charles Dickens, *Bleak House* (1853).

straitened. Famously, three gates lead into the Chancery labyrinth, statutory jurisdiction and the two traditional entrances: via pleading an equitable cause of action or requesting equitable relief. Mere pleading of the latter is insufficient, unless it also appears that complete relief is not available at law.[3]

In this matter, the complaint states three causes of action. One seeks a declaratory judgment regarding contractual breaches, a remedy available at law. The second and third seek specific performance of portions of the contracts at issue; this, obviously, is a request for equitable relief, and Chancery is available to vindicate such a request if—only if—the pleadings demonstrate that such relief is necessary to do justice. Before me is Defendants' Motion to Dismiss under Rule 12(b)(1).[4] Having reviewed the parties' submissions, I find that that equitable jurisdiction is lacking. My reasoning follows.

"It is well-established that the Court of Chancery has subject matter jurisdiction where (among other things) a party: 1) seeks an equitable remedy, such as specific performance or an injunction, and 2) lacks an adequate remedy at law."[5] An adequate remedy at law "must be available as a matter of right, be full, fair and

---

[3] *See, e.g., Elavon, Inc. v. Elec. Transaction Sys. Corp.*, 2022 WL 667075, at *3 (Del. Ch. Mar. 7, 2022) (dismissing for lack of subject matter jurisdiction where adequate relief at law is available).

[4] Defs.' Mot. to Dismiss Pls.' Verified Compl. for Breach of Contract and Declaratory Relief, Dkt. No. 7; *see* Opening Br. in Supp. of Defs.' Mot. to Dismiss ("OB MTD"), Dkt. No. 12.

[5] *Nat'l Indus. Grp. (Hldg.) v. Carlyle Inv. Mgmt. L.L.C.*, 67 A.3d 373, 382 (Del. 2013).

complete, and be as practical to the ends of justice and to prompt administration as the remedy in equity."[6]

Plaintiffs proffer as their sole jurisdictional hook the necessity of the undeniably equitable remedy of specific performance.[7] Here, the Plaintiffs claim a contractual right to funds held in escrow, arguing that injunctive relief via specific performance is necessary to compel Defendants to issue instructions to an escrow agent to disburse those contested funds.[8] This argument, however, is belied by the contract on which Plaintiffs rely. Plaintiffs cite the escrow agreement between the parties which provides that disbursements can occur "only pursuant to (i) [Defendants'] written direction, (ii) a Joint Written Direction or (iii) a Final Order."[9] The same document defines "Final Order" to mean "a final and nonappealable order of a court of competent jurisdiction."[10]

It is clear to me that a declaratory judgment, a remedy available at law and sought here, would suffice to accomplish via option (iii) what Plaintiffs seek here

---

[6] *Clark v. Teeven Holding Co., Inc.*, 625 A.2d 869, 881 (Del. Ch. 1992).

[7] Defendants challenge the equitable basis of all three of Plaintiffs' causes of action. OB MTD at 9-15. However, Plaintiffs' opposition contests only Count I, seeking specific performance relating to the funds in escrow. Pls.' Answering Br. in Opp. to Defs.' Mot. to Dismiss ("AB MTD") 17-22, Dkt. No. 16.

[8] AB MTD at 17; Verified Compl. for Breach of Contract and Declaratory Relief ¶ 75, Dkt. No. 1.

[9] Exs. A-B to the Transmittal Aff. of Nicholas F. Mastria, Esq. in Supp. of the Opening Br. in Supp. of Defs.' Mot. to Dismiss ("MTD Exhibits") 4 (pages numbered sequentially based on PDF), Dkt. No. 12.

[10] MTD Exhibits at 10.

via option (i), rendering equity superfluous. In other words, a final order declaring that Plaintiffs are entitled to disbursement of the funds in escrow is contractually sufficient to require the agent to pay over the funds. The computation of the amount to be released from escrow, I note, is a matter of contractual analysis, a quintessential exercise of law. Lastly, I also note that Defendants here have filed a related action in the Superior Court, to which this action, if transferred, may presumably be joined.

Accordingly, I find that Plaintiffs have an adequate remedy at law and that equitable jurisdiction is lacking.[11] The complaint is therefore dismissed in its entirety with leave to transfer subject to 10 *Del. C.* § 1902. An order is attached.

Sincerely,

*/s/ Sam Glasscock III*
Vice Chancellor

---

[11] *Accord Elavon, Inc.*, 2022 WL 667075, at *3.

4

**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| ISS FACILITY SERVICES, INC., ISS C&S BUILDING MAINTENTANCE CORPORATION, ISS TMC SERVICES, INC., and ISS FACILITY SERVICES CALIFORNIA, INC. | ) ) ) ) ) ) ) | C.A. No. 2022-1197-SG |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| JANCO FS 2, LLC; and JANCO FS 3, LLC, | ) ) | |
| Defendants. | | |

## <u>ORDER DISMISSING THE COMPLAINT WITH LEAVE TO TRANSFER</u>

AND NOW, this Tuesday, June 20, 2023, upon review of Plaintiffs' Verified Complaint for Breach of Contract and Declaratory Relief (the "Complaint"), together with the Defendants' Motion to Dismiss and the briefing thereon, IT IS HEREBY ORDERED that the Complaint is DISMISSED in its entirety with leave to transfer subject to 10 *Del. C.* § 1902.

/s/ Sam Glasscock III
Vice Chancellor
