# COURT OF CHANCERY
# OF THE
# STATE OF DELAWARE

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Date Submitted: May 1, 2023
Date Decided: May 15, 2023

Daulton Gregory, Esquire
Bayard Marin, Esquire
The Law Office of Bayard Marin
521 N. West Street
Wilmington, DE 19801

Karine Sarkisian, Esquire
Kennedys CMK LLP
919 N. Market Street
Suite 1550
Wilmington, DE 19801

Re:  *Glenn Carpenter v. Liberty Mutual Insurance Co. and LM General Insurance Co.*, Civil Action No. 2022-0628-SG

Dear Counsel:

Before me is the Defendants' Motion to Dismiss for failure of subject matter jurisdiction.[1] This is a court of limited jurisdiction; unless expanded by statute, Chancery enjoys the jurisdiction provided the English Court of Chancery as of 1776.[2] That jurisdiction was, and our jurisdiction is, limited to cases where effective relief is unavailable in the law courts.[3] That is, our jurisdiction is limited to cases involving equitable causes of action not recognized at law, cases invoking statutes that expanded our jurisdiction, and cases where only equitable relief is sufficient to

---

[1] Defendants also sought dismissal for failure to state a claim. Unless otherwise noted, facts are drawn from the Pl.'s Verified Compl., Dkt. No. 1.

[2] Del. Const. art. IV, § 10; *Clark v. Teeven Holding Co., Inc.*, 625 A.2d 869, 875–76 (Del. Ch. 1992) (citing *Glanding v. Indus. Tr. Co.*, 45 A.2d 553 (Del. 1945)).

[3] *Takeda Pharm. U.S.A., Inc. v. Genentech, Inc.*, 2019 WL 1377221, at *4 (Del. Ch. Mar. 26, 2019); *Milhollan v. Live Ventures, Inc.*, 2023 WL 2943237, at *2–3 (Del. Ch. Apr. 13, 2023).

remedy a plaintiff's claims.[4]  Because the bases stated by Plaintiff in invoking equity are, in my view, insufficient, this matter must be dismissed subject to transfer to the Superior Court, under 10 *Del. C.* § 1902.

The Plaintiff's Verified Complaint (the "Complaint")[5] pleads five causes of action.  These are: Count I, Under Insured Motorist Claim; Count II, Breach of Contract; Count III, Equitable Fraud and Misrepresentation; Count IV, Promissory Estoppel; Count V[6] Waiver and Latches.[7]  Among these, the Plaintiff contends that equitable fraud and promissory estoppel are equitable causes of action, and that his request for specific performance of a contract also provides equitable jurisdiction in this Court.[8]  Chancery jurisdiction is like the loop side of a Velcro tape; ever ready to catch the hooks of equitable claims or remedies.[9]  Absent such a hook, however, equitable jurisdiction cannot stick.  Here, there is no hook.

The facts alleged in the Complaint are simple.  Plaintiff was injured in an automobile accident and the tortfeasor carried the statutory minimum of liability insurance, which was insufficient to make the Plaintiff whole.[10]  In regard to under

---

[4] *Id.*

[5] Compl.

[6] I refer to this count as Count V for the sake of clarity; it is denominated (redundant) Count IV in the Complaint.

[7] Compl. ¶¶ 29–59.

[8] Pl.'s Reply Br. Opp'n Defs.' Mot. Dismiss 8, Dkt. No. 18.

[9] Unlike the fasteners described by Ida of Castle Adamant, who urges that "the hook disdain the fascination of the eye [and] the . . . button . . . evade . . . the button-hole!"  Arthur Gilbert & William Schwenck Sullivan, *Princess Ida* (1884).

[10] Compl. ¶¶ 15–17, 20.

insured motorists' coverage ("UMC"), the Plaintiff spoke to a claims adjuster working for his own insurance carrier, the Defendants Liberty Mutual Insurance Company and LM General Insurance Company (together, "Liberty").[11] The adjuster stated that there were two policies—one auto, one motorcycle—each with a $100,000/$300,000 limit.[12] Further, he stated "Policy 1 will be primary and Policy 2 will be excess/2nd layer."[13] Defendants' counsel conceded at oral argument that the adjuster should be considered to have communicated that the limits of the second policy would "stack" onto the first, implying UMC limits of $200,000. The Plaintiff, who consulted with counsel and believed the UMC policies to be stackable such that $200,000 was available to him, settled with the tortfeasor for policy limits.[14] Liberty, the Plaintiff's insurer, subsequently determined that only $100,000 of UMC coverage was in fact available, because the policies, by their terms, were not stackable.[15] Therein lies the dispute. I turn to the alleged bases for jurisdiction in Chancery.

The Complaint states that the basis for equitable jurisdiction is Plaintiff's assertion of "equitable claims."[16] Of the five causes of action pled, Counts I and II are legal claims for breach of contract, in which Plaintiff alleges bad faith and seeks

---

[11] Compl. ¶ 20.
[12] Compl. ¶ 20.
[13] Compl. ¶¶ 20, 25, Ex. 4.
[14] Compl. ¶¶ 23–24.
[15] Compl. ¶ 26.
[16] Compl. ¶ 12.

punitive damages as available at law. Count IV seeks that the Court impose a promissory estoppel against the Defendants' assertion of the anti-stacking provision in the insurance policies; that is likewise relief available at law.[17]

Count V seeks "Waiver and Laches." Waiver seems to be a restatement of the estoppel claim; laches, by contrast, is an equitable defense, not a cause of action. After examining the Complaint, then, I determine that Count III, seeking damages for "equitable fraud," is the only count to attempt to state an exclusively equitable cause of action.[18]

Equitable fraud is the Chancery analog to common-law fraud. It is both broader (not requiring scienter) and narrower (requiring a relationship between the parties that invokes equity) than common-law fraud.[19] "To establish a claim for [common law] fraud, a plaintiff must prove (i) a false representation, (ii) a defendant's knowledge or belief of its falsity or his reckless indifference to its truth, (iii) a defendant's intention to induce action, (iv) reasonable reliance, and (v) causally related damages."[20] Equitable fraud, by contrast does not require proof of

---

[17] *See Chrysler Corp. (Delaware) v. Chaplake Holdings, Ltd.*, 822 A.2d 1024, 1031 (Del. 2003). A claim for promissory estoppel, therefore—standing alone—cannot serve as the basis for equitable jurisdiction. *See Int'l Bus. Machines Corp. v. Comdisco, Inc.*, 602 A.2d 74, 84–85 (Del. Ch. 1991) ("If there is a full, complete, practical and efficient remedy at law, this Court is without jurisdiction to hear the matter").

[18] Compl. ¶¶ 40–47.

[19] *Narrowstep, Inc. v. Onstream Media Corp.*, 2010 WL 5422405, at *13 (Del. Ch. Dec. 22, 2010).

[20] *In re Wayport, Inc. Litig.*, 76 A.3d 296, 323 (Del. Ch. 2013). Because I lack jurisdiction, I do not examine whether the Complaint adequately states a cause of action for common-law fraud.

4

factor (ii): It can be conceived of "as a form of fraud having all of the elements of common law fraud except the requirement of *scienter*."[21]  The principal that distinguishes equitable "fraud from [common law] fraud is the existence of a special relationship between the plaintiff and the defendant, such as where the defendant is a fiduciary for the plaintiff."[22]  If, at this pleading stage, the complaint states a cause of action for equitable fraud, jurisdiction exists to hear it in Chancery.  But the Complaint, I find, fails to state a claim of the equitable tort.  It lacks the *sine qua non* of equitable fraud: "a plaintiff claiming equitable fraud must sufficiently plead a special relationship between the parties or other special equities, such as some form of fiduciary relationship or other similar circumstances," to state a claim.[23]

Plaintiff contends that because his insurance contracts require him to cooperate with Liberty in "the investigation, settlement, or defense of any claim or suit," he had a "special relationship" with the Defendant insurers.[24]  But this is not an *equitable* relationship.  The duty to cooperate is a contractual duty.  The Complaint alleges that the relationship of insurer and insured here is "based off trust, equity and confidence,"[25] but this averment is purely conclusory; it is manifest from the pleadings that the relationship is based only on contract.  The insured and the

---

[21] *Id.* at 327.
[22] *Id.*
[23] *Narrowstep*, 2010 WL 5422405, at *13.
[24] Compl. ¶¶ 22, 41–42.
[25] Compl. ¶ 42.

insurer are contractual counterparties.[26]  It is settled Delaware law that, absent unusual circumstances, there is no special relationship between an insurer and the insured of the variety required to plead equitable fraud.[27]

Finally, the Plaintiff avers that he seeks the remedy of specific performance;[28] that remedy is limited to equity, and if specific performance is necessary to redress the contractual case pled, this Court has jurisdiction.  The Complaint is silent as to this remedy, however.  To the extent that Plaintiff's contract claims ask the Court to direct that the policy limits must be "stacked," I note that this is nothing more than a request to compel Liberty to pay sums owed under Plaintiff's view of the contracts of insurance, either as written or supplemented by the implied covenant of good faith

---

[26] *See Wal-Mart Stores, Inc. v. AIG Life Ins. Co.*, 872 A.2d 611, 626 (Del. Ch. 2005), *aff'd in part, rev'd in part*, 901 A.2d 106 (Del. 2006) (citing *Crosse v. BCBSD, Inc.*, 836 A.2d 492, 497 (Del. 2003)) ("It is settled law that an insurer does not generally owe a fiduciary duty to its insured because this relationship is usually an arm's-length contractual relationship.").

[27] *Id.*; *Zebroski v. Progressive Direct Ins. Co.*, 2014 WL 2156984, at *8 (Del. Ch. Apr. 30, 2014); *Biegler v. Underwriting Serv. Mgmt. Co., LLC*, 2022 WL 17820533, at *4 (Del. Ch. Dec. 20, 2022).  The Plaintiff, I note, attempted to supplement the record through statements of counsel at oral argument.  I cannot allow those statements to amend the Complaint.  *In re Gen. Motors (Hughes) S'holder Litig.*, 897 A.2d 162, 168 (Del. 2006).  Even if I did consider these additional facts, however, they go only to whether reliance on the adjuster's statements was reasonable, and not to whether there was a relationship outside the one created by contract.  I also note that the Plaintiff's additional facts included conversations that took place between Plaintiff's counsel and representatives of the Defendants.  Such a dual role as witness and trial counsel is problematic. *See Matter of Estate of Waters*, 647 A.2d 1091, 1098 (Del. 1994) (setting out the nature of the conflict).  Given my lack of subject matter jurisdiction, I need not address the issue.

[28] Pl.'s Reply Br. Opp'n Defs.' Mot. Dismiss 8.

6

and fair dealing, or as modified by estoppel. A money judgement is available at law, and no specific performance is required.[29]

The claims brought here, based on the allegations of the Complaint, are by no means frivolous. They are legal claims, however, for which relief is available in Superior Court.[30] Equitable fraud does not lie here because the relationship is contractual. Specific performance is not necessary to compel payment of money owed under a contract where money damages are available. I find that the Plaintiff has failed to invoke equitable jurisdiction. Accordingly, I dismiss the Complaint with leave to transfer pursuant to 10 *Del. C.* § 1902.

To the extent the foregoing requires an Order to take effect, IT IS SO ORDERED.

Sincerely,

*/s/ Sam Glasscock III*

Sam Glasscock III

---

[29] *Equitable Tr. Co. v. Gallagher*, 102 A.2d 538, 546 (Del. 1954) ("It is elementary that the remedy of specific performance is designed to take care of situations where the assessment of money damages is impracticable or somehow fails to do justice.").
[30] Some of the relief sought—punitive damages—is available *only* at law.