**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

| | |
|---|---|
| CRYSTAL E. LONG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 2023-0834-SEM |
| | ) |
| ED PETTYJOHN, MICHAEL F. | ) |
| MCGROERTY, WHITNEY POGWIST, | ) |
| MCCRONE SURVEYERS, et al., RONALD | ) |
| HASTINGS, CHELSEA HASTINGS, | ) |
| FORSIGHT, LLC, CYNTHIA HASTINGS, | ) |
| DAVID MARK ALLEN, TINA | ) |
| PETTYJOHN, KYLE MARVEL, PONTE | ) |
| VEDRA, LLC, DON POGWIST, DEBBIE | ) |
| SIBERT, ANN SABO ALEN, WILLIAM | ) |
| HARPER, JR., and NANCY HARPER, | ) |
| | ) |
| Defendants. | ) |

**FINAL ORDER**

WHEREAS, on or about August 14, 2023, Crystal E. Long (the "Plaintiff")

filed an application to proceed *in forma pauperis*;[1]  Magistrate Mitchell granted that

application on August 15, 2023 and, upon initial review of the complaint under 10

*Del. C.* § 8803(b) found "[a]lthough the complaint identifies claims that fall outside

---

[1] Docket Item ("D.I.") 2. In this order, I address only the factual and procedural predicate necessary for my rulings herein; I direct interested readers to the docket for the entire posture.

1

the jurisdiction of this Court, there are viable claims that fall within this Court's jurisdiction[,]" such that the matter should move forward with service;[2]

WHEREAS, the matter, as initially filed, included a 150-page complaint (the "Complaint"), exhibits A–Z and 1–5, and a motion to expedite;[3]

WHEREAS, after the Complaint was docketed, the Plaintiff filed numerous ancillary motions including a motion for reversal of an auction conducted under the auspices of the Superior Court (the "Motion for Reversal"), a motion for relief from a Superior Court judgment (the "Motion for Relief"), a motion for change of venue, and a motion to amend the Complaint (the "First Motion to Amend");[4]

WHEREAS, despite this motion practice, the Court worked diligently to schedule the requested expedited hearing;[5] the motion to expedite was scheduled to be heard on August 29, 2023, but that hearing was cancelled after the Plaintiff moved for an extension of time to complete service, for a continuance of the hearing, and for a stay of these proceedings;[6] in my letter order cancelling the hearing, I explained the Plaintiff could request the hearing be rescheduled by filing a "Request for

---

[2] D.I. 1.

[3] *Id.*

[4] D.I. 4, 5, 7, 14.

[5] *See* D.I. 11.

[6] *See* D.I. 11, 22, 28.

Judicial Action" using a form on the Court's website;[7] the Plaintiff has never filed any such request;

WHEREAS, on August 21, 2023, the Plaintiff docketed a letter addressed to the Chancellor complaining about "the court employees and the culture of service to the public[;]"[8] as the assigned judicial officer, I carefully reviewed the Plaintiff's submission and responded to her concern via letter wherein I explained the role of the Register in Chancery and the various reasons filings may be rejected;[9] I further directed the Register in Chancery to take a more lenient approach in accepting the Plaintiff's filings for this action and outlined the limited reasons for which future filings may be rejected;[10]

WHEREAS, on August 25, 2023, the Plaintiff moved for a stay of these proceedings;[11] four days later on August 29, 2023, the Plaintiff moved for the emergency appointment of an attorney;[12] I denied the Plaintiff's emergency motion by order dated August 30, 2023;[13] one day later, on August 31, 2023, the Plaintiff filed a motion to strike, another motion to amend (the "Second Motion to Amend"),

---

[7] D.I. 28.

[8] D.I. 19.

[9] D.I. 33.

[10] *Id.*

[11] D.I. 30.

[12] D.I. 34.

[13] D.I. 36.

and a motion for reimbursement;[14] the next day, on September 1, 2023, the Plaintiff filed another motion to strike;[15] two days later, on September 3, 2023, the Plaintiff filed yet another motion to strike;[16]

WHEREAS, on September 5, 2023, I issued orders on the numerous pending motions;[17] I denied nearly all of the Plaintiff's motions, except one portion of one of the Plaintiff's motions to strike wherein she sought to withdraw her motion to change venue;[18] in my order denying the Plaintiff's motion for reimbursement, I directed the Plaintiff to file a letter clarifying the seeming dispute over whom she intended to name as defendants in this action and a list of the fees and costs for which she sought reimbursement/waiver within 20 days;[19] to date, the Plaintiff has failed to comply with that order;

WHEREAS, contemporaneously with this motion practice, various defendants were served with, and began filing responses to, the Complaint; many defendants moved to dismiss;[20] on September 6, 2023, defendants David Mark Allen and Anne S. Allen (collectively, the "Allens") filed a motion to dismiss the

---

[14] D.I. 37–39.

[15] D.I. 40.

[16] D.I. 41.

[17] D.I. 42–46.

[18] D.I. 46.

[19] D.I. 44.

[20] Some, instead, answered the Complaint. *See, e.g.*, D.I. 54, 55, 56, 59.

Complaint (the "Allen Motion");[21] on September 11, 2023, defendant Michael F. McGroerty filed a motion to dismiss the Complaint (the "McGroerty Motion");[22] on September 13, 2023, defendant McCrone Engineering filed a motion to dismiss the Complaint (the "McCrone Motion");[23] on September 18, 2023, defendant Cynthia Hastings filed a motion to dismiss the Complaint (the "Cynthia Hastings Motion");[24]

WHEREAS, the Plaintiff responded with her own motions for sanctions, summary judgment, and default judgment, all dated September 21, 2023;[25]

WHEREAS, on October 6, 2023, defendant Thomas E. Pettyjohn filed a motion to intervene in the portion of this action seeking judgment related to the Janice E. Hitchens Trust (the "Trust");[26]

WHEREAS, on October 31, 2023, I scheduled all pending motions for in-person oral argument on December 5, 2023;[27] in my scheduling letter, I set forth deadlines for fully briefing each motion;[28] additional motions were filed thereafter:

---

[21] D.I. 47.

[22] D.I. 53.

[23] D.I. 58.

[24] D.I. 61.

[25] D.I. 64–66. With these motions, the Plaintiff also submitted a letter asking for copies of all orders and opinions issued in this action. D.I. 63. The Register in Chancery promptly responded and sent all requested documents on September 27, 2023. D.I. 67.

[26] D.I. 71.

[27] D.I. 72.

[28] *Id.*

on or about November 8, 2023, defendant Thomas E. Pettyjohn filed a motion for damages (the "Motion for Damages") and motion to dismiss (the "Thomas Pettyjohn Motion");[29] around that same day, defendant Tina A. Pettyjohn filed a motion to dismiss the Complaint (the "Tina Pettyjohn Motion");[30] defendant Kyle Marvel, on November 8, 2023, also filed a motion to dismiss (the "Marvel Motion");[31] on November 15, 2023, defendant Ronald Hastings filed a motion for more definite statement (the "Ronald Hastings Motion");[32] that same day, defendant Chelsea Hastings filed another motion to dismiss (the "Cynthia Hastings Second Motion");[33] on November 17, 2023, defendant Don Pogwist filed a motion to dismiss (the "Don Pogwist Motion");[34] on November 20, 2023, defendant Whitney Pogwist filed a motion to dismiss (the "Whitney Pogwist Motion," together with the Allen Motion, McGroerty Motion, McCrone Motion, Cynthia Hastings Motion, Thomas Pettyjohn Motion, Tina Pettyjohn Motion, Marvel Motion, Cynthia Hastings Second Motion, and Don Pogwist Motion, the "Motions to Dismiss");[35]

---

[29] D.I. 82, 85.

[30] D.I. 83.

[31] D.I. 84.

[32] *See* D.I. 90–92.

[33] *See* D.I. 93.

[34] D.I. 96.

[35] D.I. 98. Various other named defendants also filed letters, including Ronald Hastings and Chelsea Hastings who sought leave to appear at the hearing by Zoom. *See, e.g.*, D.I. 93. I denied those requests and excused Ronald Hastings and Chelsea Hastings from the

WHEREAS, the hearing proceeded on December 5, 2023, where I heard from all parties in attendance and took all pending motions under advisement;[36] as I explained at the hearing, the big picture question is whether this action should move forward to the discovery phase in whole or in part;[37]

---

hearing. D.I. 106.

[36] I will not endeavor to summarize the entire hearing in this Order; the transcript has been docketed and is available for interested readers. D.I. 110 ("Tr."). There were, however, a few noteworthy developments. At the hearing, the Plaintiff reiterated her concerns about the Register in Chancery changing her complaint and adding "defendants" whom the Plaintiff never intended to include. *See, e.g.*, Tr. 10:2-11. The Plaintiff's blame shifting is difficult to understand. In the Complaint, the Plaintiff purported to plead requests for injunctive relief against such challenged "defendants" and the Register in Chancery's attempt to help the Plaintiff pursue such relief was commendable, nor condemnable.

The Plaintiff also made several oral motions at the hearing, which I denied. *See, e.g.*, Tr. 14:6-11, 35:14-22. At the hearing, concerning allegations about the Plaintiff's representations in her application to proceed *in forma pauperis* were brought to light. Tr. 69:12–70:20. *But see* Tr. 109:17-110:12. Because I recommend the Complaint be dismissed in full, I decline to address these allegations or order any relief related thereto. At the hearing, I also denied the motion for default judgment against Mr. Marvel and addressed the Plaintiff's request for the appointment of a plenary guardian over her mother. Tr. 38:8-16, 42:18-43:13, 75:9-21. *See also* Ct. Ch. R. 175.

Finally, at the hearing, the Plaintiff explained that she was a part of "a huge movement happening right now called auditors." Tr. 100:19-23. She went on to explain that if the Court "chooses to dismiss this case, this proceeding at this point, it's only going to cost the State more money because [the Plaintiff is] going to stand up for [her]self at this time." Tr. 101:5-8. I am unmoved by the Plaintiff's suggestion (arguably a threat). Rather, I am confident that the Plaintiff has been provided every opportunity to be heard and that the Register in Chancery has attempted to assist, rather than restrict, access to justice for all involved in this action. Thus, I have considered the Complaint on its merits. My ruling herein is guided by the well-settled pleading standards that apply to all actions filed in this Court.

[37] After the hearing, Ronald Hastings filed three letters, one of which withdrew the Ronald Hastings Motion, and a new motion to dismiss. D.I. 108, 109, 111, 112. The Plaintiff also filed two letters. D.I. 113, 114. In the Plaintiff's first letter she purports to answer a petition to release funds in a Superior Court action and have that action combined with this action. D.I. 113. My ruling herein that this action should be dismissed in full moots such request.

WHEREAS, to answer the questions pending before me, I look to Court of Chancery Rules 8(a), 9(b), 12(b)(1), 12(h)(3), 12(b)(6), 15(a), and 15(aaa); because the Plaintiff is proceeding *in forma pauperis*, I also look to 10 *Del. C.* § 8803(c);

WHEREAS, under Court of Chancery Rule 8(a), "[a] pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim or third-party claim shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief and (2) a demand for judgment for the relief to which the party deems itself entitled[;]" "[i]f a complaint were held sufficient simply because it restates the legal elements of a particular cause of action, Rule 8(a) would be rendered meaningless. . . . [Thus] plaintiffs must allege *facts* sufficient to show that the legal elements of a claim have been satisfied[;]"[38]

WHEREAS, under Court of Chancery Rule 9(b), "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with

---

In her second letter, the Plaintiff raises concerns about the Register in Chancery staff and requests that I be made aware of all communications between the Plaintiff and such staff. D.I. 114. The Register in Chancery responded to such request by filing all such communications on March 14, 2024. D.I. 115. I have reviewed those communications, which I find irrelevant to the dispositive motions pending before me. But I would be remiss not to share that I am proud of, and impressed by, the care with which our Register in Chancery staff have addressed the myriad of complaints, accusations, and threats by and from the Plaintiff. I strongly disagree with any insinuation that staff of the Register in Chancery have acted improperly, impolitely, or provided anything other than the exemplary service I have come to expect from them.

[38] *In re Coca-Cola Enters.*, 2007 WL 3122370, at *4 n.28 (Del. Ch. Oct. 17, 2007), *aff'd sub nom. Int'l Bhd. Teamsters v. Coca-Cola Co.*, 954 A.2d 910 (Del. 2008) (emphasis in original).

particularity. Malice, intent, knowledge and other condition of mind of a person may be averred generally[;]"

WHEREAS, under Court of Chancery Rule 12(b)(1), a claim will be dismissed "if it appears from the record that the Court does not have jurisdiction over the claim[;]"[39] this Court is a court of "limited jurisdiction."[40] "the Court of Chancery can acquire subject matter jurisdiction over a cause in only three ways, namely, if: (1) one or more of the plaintiff's claims for relief is equitable in character, (2) the plaintiff requests relief that is equitable in nature, or (3) subject matter jurisdiction is conferred by statute[;]"[41]

WHEREAS, under Court of Chancery Rule 12(h)(3) "[w]henever it appears by suggestion of the parties or otherwise that the Court lacks jurisdiction of the subject matter, the Court shall dismiss the action[;]"

WHEREAS, under Court of Chancery Rule 12(b)(6):

(i) all well-pleaded factual allegations are accepted as true; (ii) even vague allegations are "well-pleaded" if they give the opposing party notice of the claim; (iii) the Court must draw all reasonable inferences in favor of the non-moving party; and [(iv)] dismissal is inappropriate unless the "plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances susceptible of proof[;]"[42]

---

[39] *AFSCME Locals 1102 & 320 v. City of Wilm.*, 858 A.2d 962, 965 (Del. Ch. 2004).

[40] *Clark v. Teeven Hldg Co.*, 625 A.2d 869, 880 (Del. Ch. 1992).

[41] *Candlewood Timber Gp., LLC v. Pan Am. Energy, LLC*, 859 A.2d 989, 997 (Del. 2004) (citations omitted).

[42] *Savor, Inc. v. FMR Corp.*, 812 A.2d 894, 896–97 (Del. 2002) (citations omitted).

WHEREAS, under Court of Chancery Rule 15(a), "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served[;]"

WHEREAS, under Court of Chancery Rule 15(aaa), "a party that wishes to respond to a motion to dismiss under Rules 12(b)(6) or 23.1 by amending its pleading must file an amended complaint, or a motion to amend in conformity with this Rule, no later than the time such party's answering brief in response to either of the foregoing motions is due to be filed[;]"

WHEREAS, under 10 *Del. C.* § 8803(c), although Magistrate Mitchell did not dismiss the Complaint upon initial review, if "the record subsequently reveals the action is factually frivolous, malicious or the action is legally frivolous and that even a *pro se* litigant, acting with due diligence, should have found well settled law disposing of issue(s) raised, the court may upon its own motion or the motion of a party, enter judgment against plaintiff and dismiss the complaint[;]"

WHEREAS, as Vice Chancellor Cook recently noted in *Banks v. Kane*, judges are not required to undertake the painstaking task of wading through voluminous

submissions in search of a party's arguments;[43] the same is true for claims buried in incomprehensible pleadings;[44]

WHEREAS, the various motions further implicate the doctrines of *res judicata* and collateral estoppel:

> Under the doctrine of *res judicata*, a party is foreclosed from bringing a second suit based on the same cause of action after a judgment has been entered in a prior suit involving the same parties. Similarly, where a court or administrative agency has decided an issue of fact necessary to its decision, the doctrine of collateral estoppel precludes relitigation of that issue in a subsequent suit or hearing concerning a different claim or cause of action involving a party to the first case. Essentially, *res judicata* bars a court or administrative agency from reconsidering conclusions of law previously adjudicated while collateral estoppel bars relitigation of issues of fact previously adjudicated.[45]

WHEREAS, the Complaint also implicates this Court's resistance to collateral attacks, which reflect an improper attempt to "avoid, defeat, evade, or deny the force

---

[43] *Banks v. Kane*, 2023 WL 2055195, at *2 (Del. Ch. Feb. 17, 2023) (quoting *Black v. Gramercy Advisors, LLC*, 2007 WL 2164286, at *1 (Del. Ch. July 23, 2007); *Totta v. CCSB Fin. Corp.*, 2021 WL 4892218, at *3 (Del. Ch. Oct. 20, 2021)). After all, "[j]udges are not like pigs, hunting for truffles buried in briefs." *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991).

[44] *See State v. Hull*, 2020 WL 7706998, at *1 (Del. Super. Dec. 23, 2020) (denying a "largely incomprehensible series of unclear and jumbled allegations, none of which ma[d]e sense to the Court[,]" which contained an "abundance of grammatical errors and misplaced punctuation" and was, overall, an "unintelligible submission"); *In re Bechard*, 2016 WL 1169097, at *1 (Del. Ch. Mar. 17, 2016) (dismissing, *sua sponte*, an "incomprehensible" complaint filed by a self-represented party).

[45] *Betts v. Townsends, Inc.*, 765 A.2d 531, 534 (Del. 2000) (citations omitted).

and effect of a final order or judgment in an incidental proceeding other than by appeal, writ of error, certiorari, or motion for new trial[;]"[46]

**IT IS HEREBY ORDERED** this 1st day of April 2024, as follows:

1.      The Complaint should be DISMISSED.

2.      The Motion for Reversal and the Motion for Relief are DENIED. The Plaintiff has failed to demonstrate that this Court should (let alone, must) intercede to reverse the auction conducted under the auspices of the Superior Court or provide relief from the Superior Court judgment.

3.      The First Motion to Amend is GRANTED.  Under Rule 15(a), the Plaintiff may amend once as a matter of course. Thus, the amendments attached to the First Motion to Amend are hereby accepted and incorporated into the Complaint. I have considered the amendments as I address the Motions to Dismiss.

4.      The Motions to Dismiss are GRANTED.[47]

   a. **Rule 8.**  The Complaint, as amended, is a far cry from a "short and plain statement" of claims and the factual underpinnings therefor. The Complaint is written in a stream of consciousness more suitable for a diary or memoir.  Even attempting the unwarranted, ill-

---

[46] *In re Vale*, 2015 WL 721038, at *4 (Del. Ch. Feb. 19, 2015) (citations and quotations omitted).

[47] The Plaintiff argues that the Marvel Motion is untimely; I do not address such argument because I find the Complaint should be dismissed in full as explained herein.

advised, and painstaking task of hunting for legal or equitable claims or requests for relief within this Court's jurisdiction, I have come up empty. I find the Complaint largely incomprehensible.[48]

b. **Rule 9.** Throughout the Complaint and hearing, the Plaintiff's constant refrain is "fraud." For example, the Plaintiff seeks to question or attack prior litigation because of fraud. She also seeks review of various deeds due to purported fraud in the recorded instruments. But such "fraud" is supported only by the Plaintiff's suspicion and distrust; the Plaintiff has failed to plead particularized facts that support further inquiry into her fraud claims. Under Rule 9, they should not survive the pleadings.

c. **Rule 12(b)(6).** In large part, the Plaintiff purports to relitigate issues heard in a Superior Court action, a landlord/tenant action at the Justice of the Peace Court, and various Court of Chancery actions. The Plaintiff fails, however, to justify why this Court should intrude on pending Superior Court litigation and why re-litigation of prior claims is not barred by issue preclusion, claim preclusion, or the collateral attack doctrine. The Plaintiff appears to be using this

---

[48] The Plaintiff admitted at the hearing that "the [C]omplaint is a mess. It doesn't have any counts. . . . [I]t's run-on sentences." Tr. 113:15-17.

action to litigate dozens of long-standing, sprawling disputes, many of which were already addressed or could and should have been addressed long ago.[49] The Plaintiff further seeks relief related to the Trust, yet the Plaintiff fails to provide any identifying information regarding the Trust such that this Court's authority over the Trust can be surmised (*e.g.*, the Plaintiff fails to plead when/how the Trust was formed, where the Trust is located/administered, where the assets of the Trust are located, etc.). The Plaintiff further fails to plead her standing to challenge the administration of the Trust or demand an accounting.[50]

    d. **Rule 12(b)(1).** The Complaint also includes numerous purported claims and requests for relief that are outside the scope of this

---

[49] When I asked the Plaintiff at the hearing if she was trying to relitigate the prior cases her response was telling: "I am not trying to relitigate the case. There was fraud in that case. . . . And I have got plenty of documents to prove it." Tr. 96:18-19. The Plaintiff has failed, however, to plead the alleged fraud with particularity. Absent such showing, she is merely trying to relitigate.

[50] The Plaintiff's list of requests for relief include several "magic words" seemingly meant to "prize the doors of Chancery," but magic words are not enough, and the Plaintiff has failed to state any viable equitable claims or requests for equitable relief. *See McMahon v. New Castle Assocs.*, 532 A.2d 601, 603 (Del. Ch. 1987) ("Chancery jurisdiction is not conferred by the incantation of magic words. Neither the artful use nor the wholesale invocation of familiar chancery terms in a complaint will itself excuse the court, upon a proper motion, from a realistic assessment of the nature of the wrong alleged and the remedy available in order to determine whether a legal remedy is available and fully adequate.") (citation omitted).

Court's jurisdiction, even if the Plaintiff had pled an equitable "hook."[51]

5. To the extent the above does not dispose of the Complaint, it its entirety, I find the Complaint should be dismissed under 10 *Del. C.* § 8803(c). The Complaint is impossible to parse or segment; taken as a whole, it is legally frivolous and malicious. The Plaintiff appears to be using this action to publicly air long-standing personal and familial disputes. Driven by hurt and frustration, she asks this Court of equity to issue wide-ranging, extraordinary injunctive relief against those she believes have wronged her. But the Complaint is incomprehensible and the requests for equitable relief are unsupported. Without an equitable "hook," and with the vindictive motives inherent in the Plaintiff's sprawling allegations, I find the Complaint should be dismissed as legally frivolous and malicious.

---

[51] For example, the Plaintiff seeks a protection from abuse order, punitive damages, and expungement; relief this Court cannot offer. *See* 10 *Del.* C. § 1048 (providing the Family Court with jurisdiction over protection from abuse proceedings); 11 *Del.* C. § 4374 (providing the Family Court and Superior Court with jurisdiction over expungement requests); *Metro Storage Int'l LLC v. Harron*, 275 A.3d 810, 886 (Del. Ch. 2022) ("Absent a statutory grant of authorization, the Delaware Court of Chancery does not have jurisdiction to assess punitive damages."). And she alleges criminal conduct such as theft, perjury, and stalking, and issues arising under landlord/tenant law. Those matters are not for this Court. *See Beck v. Greim*, 2018 WL 4938783, at *2 (Del. Ch. Oct. 11, 2018) ("the Court of Chancery lacks subject matter jurisdiction over criminal matters"); *Murry's Steaks of Del., Inc. v. Mart Ass'n, Inc.*, 1982 WL 17830, at *1 (Del. Ch. Sept. 29, 1982) ("the General Assembly has given to the Justice of the Peace Courts exclusive jurisdiction over landlord-tenant controversies").

6. With the Complaint dismissed in full, the Plaintiff's motion for summary judgment and Motion for Damages must also be DENIED. As must Thomas E. Pettyjohn's motion to intervene.

7. That leaves the Plaintiff's motion for sanctions and the Second Motion to Amend. The Plaintiff has failed to articulate a basis on which sanctions should be awarded in her favor. Further, the Plaintiff's Second Motion to Amend comes too late; the Plaintiff was permitted herein to amend once and, in response to the Motions to Dismiss, answered rather than amended under Court of Chancery Rule 15(aaa). Further the proposed amendment is limited to (1) clarifying that the Plaintiff is not suing the Delaware State Police in this action and (2) changing the addresses of certain parties on the certificate of service. Neither would alter the above analysis nor work to save this action from dismissal. The proposed second amendment should be denied, and this action should be dismissed.[52]

8. This is a final report under Court of Chancery Rule 143 and exceptions may be filed under Rule 144.

**IT IS SO ORDERED.**

*/s/ Selena E. Molina*
Magistrate in Chancery

---

[52] Although the Plaintiff expressed, at the hearing, an interest in further amending the Complaint (*see* Tr. 113:14-17), she has not moved for any wholesale amendment that would fix the various issues address herein. And, as recognized above, any request would now be untimely. *See* Ct. Ch. R. 15(aaa).