**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| CHRIS FEDDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 2024-0017-SEM |
| | ) | |
| ASPEN/BRENNAN ESTATES | ) | |
| PROPERTY MANAGEMENT, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ORDER GRANTING MOTION TO DISMISS</u>

WHEREAS, Chris Fedder (the "Plaintiff") filed a complaint against Aspen/Brennan Estates Property Management (the "Defendant") on January 5, 2024;[1]

WHEREAS, on January 10, 2024, the Chancellor assigned this action to me;[2] in her assignment letter, the Chancellor noted that because the Plaintiff chose not to file a motion to expedite, this matter would be stayed to allow the parties time to resolve their dispute; she permitted any party to file a notice to lift the stay;

WHEREAS, the Plaintiff is self-represented and entitled to a review of his action with forgiving eyes;[3] with those forgiving eyes, it appears the Plaintiff seeks

---

[1] Docket Item ("D.I.") 1. There is a discrepancy in the defendant's name; the Plaintiff named "Aspen/Brennan Estates Property Management," yet "Brennan Estates Homeowners Maintenance Corporation" responded. I see no reason to address this disconnect and use "the Defendant," as defined herein, broadly.

[2] D.I. 7.

[3] *Hall v. Coupe*, 2016 WL 3094406, at *2 (Del. Ch. May 25, 2016) ("The Court will view

the following relief: (1) inspection of books and records under 8 *Del. C.* § 220 ("Section 220"), (2) damages for alleged breach of contract, including punitive damages, (3) removal of a lien against his real property located at 4 Dunleary Drive in Bear, Delaware (the "Property"), and (4) declaratory judgment that fees and assessments were improperly charged to the Property and that the Property is no longer subject to certain deed restrictions, which the Defendant purports to enforce;[4]

WHEREAS, the Plaintiff's action arises from a related proceeding before the Justice of the Peace Court, wherein the Plaintiff filed a motion to compel books and records under Section 220 and was advised by the Justice of the Peace that this Court has exclusive jurisdiction over those actions;[5]

WHEREAS, communications attached to the Plaintiff's complaint reflect an ongoing dispute between the Plaintiff and the Defendant that began as early as 2021; on November 24, 2021, the Plaintiff's request for books and records was rebuffed for failure to comply with Section 220;[6] rather than address the deficiencies noted

---

pleadings filed by *pro se* litigants with forgiving eyes.").

[4] The Plaintiff lists additional grievances purportedly arising under "RICO LAWS AND STATE LAWS," and "NON-PROFIT LAWS." But, even with forgiving eyes, these conclusory statements fail to support any well-pled claims.

[5] *See* D.I. 1, Ex. A.  In the Motion, the Defendant represents that the Plaintiff initiated the Justice of the Peace Court action seeking damages related to the Defendant's lien and that the action remains pending. D.I. 10. The Plaintiff has not disputed this characterization. To the extent necessary, I find I can take judicial notice of the pendency of the Justice of the Peace Court action under D.R.E. 202(d)(1)(C).

[6] D.I. 1, Ex. B.

by the Defendant, the Plaintiff replied with a purported "cease and desist" notice;[7] the Plaintiff followed up with additional demands including for the return of fees and assessments and removal of a lien against the Property for failure to pay all fees and assessments when due; most recently, on March 24, 2023, the Plaintiff wrote to "Asspen [sic] Management" reiterating his concerns and explaining he was refusing to pay anything to the homeowners association;[8] that same day, the Plaintiff wrote to counsel for the Defendant regarding his request for books and records;[9] therein, the Plaintiff acknowledged that the Defendant offered to provide examination of certain records for a fee of $100.00;[10] but, the Plaintiff refused that offer and, after initiating an action in the Justice of the Peace Court, brought this litigation;

WHEREAS, on February 26, 2024, the Defendant moved to dismiss under Court of Chancery Rule 12(b)(6) (the "Motion");[11] through the Motion, the Defendant argues that (1) the Plaintiff failed to meet the form and manner requirements of Section 220, (2) even if viewed as a request under the Delaware Uniform Common Interest Ownership Act ("DUCIOA"), the Plaintiff has failed to

---

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] D.I. 10.

state a claim, and (3) the Plaintiff's challenge to the lien on the Property is unfounded;

WHEREAS, the Motion was fully briefed on April 2, 2024, when the Defendant filed its reply brief;[12]

WHEREAS, on or around April 18, 2024, the Plaintiff filed a second and third response to the Motion;[13] through the Plaintiff's various responses, he makes several arguments in opposition to the Motion, including that: (1) the Motion is procedurally barred by the stay on this action, (2) service on the Defendant was proper, (3) the Plaintiff's request for books and records is viable and the Defendant's actions improper, (4) the Justice of the Peace Court proceeding does not bar this proceeding, (5) the Plaintiff's verified complaint meets the oath requirement in Section 220, and (6) the Defendant's representation that it has been willing to permit access to books and records is fictitious and sanctionable;

WHEREAS, on or around April 18, 2024, the Plaintiff also filed a motion to compel (the "Motion to Compel"), again requesting inspection of books and records under Section 220;[14]

WHEREAS, under Court of Chancery Rule 12(b)(6):

(i) all well-pleaded factual allegations are accepted as true; (ii) even

---

[12] *See* D.I. 12, 15.

[13] D.I. 17, 18.

[14] D.I. 19.

vague allegations are "well-pleaded" if they give the opposing party notice of the claim; (iii) the Court must draw all reasonable inferences in favor of the non-moving party; and [(iv)] dismissal is inappropriate unless the "plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances susceptible of proof[;]"[15]

WHEREAS, "[a] plaintiff seeking books and records must first afford the company the opportunity to avoid litigation by making a written demand and allowing the company to comply;"[16] Section 220 requires the stockholder to make a "written demand under oath" and direct such "to the corporation at its registered office in this State or at its principal place of business[;]"[17] a complaint seeking books and records under Section 220 will be dismissed where the plaintiff fails to demonstrate compliance with this procedure;[18]

WHEREAS, this Court is a court of "limited jurisdiction[;]"[19] "the Court of Chancery can acquire subject matter jurisdiction over a cause in only three ways, namely, if: (1) one or more of the plaintiff's claims for relief is equitable in character, (2) the plaintiff requests relief that is equitable in nature, or (3) subject matter

---

[15] *Savor, Inc. v. FMR Corp.*, 812 A.2d 894, 896–97 (Del. 2002) (citations omitted).

[16] *Durham v. Grapetree, LLC*, 2019 WL 413589, at *3 (Del. Ch. Jan. 31, 2019), *aff'd*, 246 A.3d 566 (Del. 2021) (citation omitted).

[17] 8 *Del. C.* § 220(b).

[18] *See Smith v. Horizon Lines, Inc.*, 2009 WL 2913887, at *2–3 (Del. Ch. Aug. 31, 2009) (dismissing a books and records action for failure to comply with the Section 220 form and manner requirements).

[19] *Clark v. Teeven Hldg. Co.*, 625 A.2d 869, 880 (Del. Ch. 1992) (citations omitted).

jurisdiction is conferred by statute[;]"[20] under Court of Chancery Rule 12(h)(3) "[w]henever it appears by suggestion of the parties or otherwise that the Court lacks jurisdiction of the subject matter, the Court shall dismiss the action[;]"  "[t]o ascertain the true nature of a plaintiff's claims, the Court conducts 'a realistic assessment of the nature of the wrong alleged and the remedy available in order to determine whether a legal remedy is available and fully adequate[;]'"[21] once this Court determines that it lacks jurisdiction, it should decline to address the remaining claims on their merits;[22] but under 10 *Del. C.* § 1902, "[n]o civil action, suit or other proceeding brought in any court of this State shall be dismissed solely on the ground that such court is without jurisdiction of the subject matter, either in the original proceeding or on appeal[;]"

WHEREAS, "[i]t is axiomatic that where a relationship is established and cabined by a contract, a damages action for its breach sounds in contract[,]" and is available in a court of law;[23] "[t]he Court of Chancery has jurisdiction to provide

---

[20] *Candlewood Timber Gp., LLC v. Pan Am. Energy, LLC*, 859 A.2d 989, 997 (Del. 2004) (citations omitted).

[21] *Graciano v. Abode Healthcare, Inc.*, 2024 WL 960946, at *7 (Del. Ch. Mar. 4, 2024).

[22] *Cf. Acme Markets, Inc. v. Oekos Kirkwood, LLC*, 2024 WL 734149, at *3 (Del. Ch. Feb. 21, 2024) (explaining, on exceptions, "[o]nce the Magistrate concluded that this court lacked subject matter jurisdiction over Counts I and II, there was no basis to address those claims on the merits").

[23] *Williams v. Lester*, 2023 WL 4883610, at *2 (Del. Ch. Aug. 1, 2023) (citing *Nemec v. Shrader*, 991 A.2d 1120, 1129 (Del. 2010)).

declaratory relief if it otherwise has jurisdiction over the matter[;]"[24]

**IT IS HEREBY ORDERED** this 28th day of June 2024, as follows:

1. The Motion is GRANTED and the Motion to Compel is DENIED.

2. Again, the Plaintiff seeks the following relief: (1) inspection of books and records under Section 220, (2) damages for alleged breach of contract, including punitive damages, (3) removal of a lien against the Property, and (4) declaratory judgment. The Plaintiff's purported jurisdictional hooks are statutory (under Section 220) and equitable (through the request for injunctive relief); neither are viable. The Plaintiff's request for books and records suffers from a fatal pleading deficiency and the Plaintiff failed to state a claim for injunctive relief related to the lien on the Property. The remaining claims, although perhaps viable to some extent, are misplaced in this Court, without a hook for this Court's jurisdiction. Thus, I find (1) and (3) should be dismissed on the merits and the remainder of this action should be dismissed for lack of jurisdiction, with leave to transfer to a court with jurisdiction.

    a. **Books and Records**. Despite pleading that he has been requesting books and records for "years," the Plaintiff has failed to plead that he has met the strict form and manner requirements in Section 220. The Plaintiff has not pleaded, nor provided a copy of, a demand made under oath and served on the Defendant.

---

[24] *Abbott v. Vavala*, 2022 WL 3642947, at *5 (Del. Aug. 22, 2022).

I reject the Plaintiff's attempt to transform his pleading into a demand, which would functionally ignore the statutorily mandated five-day response window.[25] The Plaintiff's books and records request must be dismissed on its merits, which further moots the Motion to Compel.[26]

b. **Lien Removal**. The Plaintiff contests the lien against the Property and seeks its removal; a call to the type of injunctive relief that would typically prize the doors of Chancery. But the essence of the Plaintiff's claim is legal—the Plaintiff contests the fees and assessments made against the Property and seeks a

---

[25] *See* 8 *Del. C.* § 220(c)("If the corporation, or an officer or agent thereof, refuses to permit an inspection sought by a stockholder or attorney or other agent acting for the stockholder pursuant to subsection (b) of this section or does not reply to the demand within 5 business days after the demand has been made, the stockholder may apply to the Court of Chancery for an order to compel such inspection.").

[26] The Defendant uses forgiving eyes to suppose the Plaintiff alternatively seeks relief under DUCIOA. Although I appreciate this forgiving approach, the Plaintiff failed to plead a viable DUCIOA claim. Under the pertinent part of DUCIOA, 25 *Del. C.* § 81-318(b), all records kept by an association "shall be available for examination and copying by a unit owner . . . so long as the request is made in good faith and for a proper purpose related to the owner's membership in the association." But, under Section 81-318(e), the "association may charge a fee, in advance, to the unit owner for converting records into written form, for permitting inspection, and for providing copies of any records under this section, but that fee may not exceed the actual cost of the materials and labor incurred by the association." The Plaintiff concedes that the Defendant offered examination for a fee of $100.00. But the Plaintiff has not challenged the appropriateness of that fee and expressly demands inspection under Section 220. I find forgiving eyes cannot transform the Section 220 claim into a DUCIOA claim sufficient to survive the Motion.

8

determination on the propriety thereof. That determination is available in a court of law and equity would not be required unless the court of law adjudges the assessments improper, and the Defendant refuses to remove the lien. There is no indication that the Defendant would so refuse, and I find it would be inappropriate to invoke equity jurisdiction upon such speculation.[27]

c.  **The Remaining Claims**. The Plaintiff's Section 220 and lien-removal requests were his hooks for this Court's jurisdiction. Without either, the Plaintiff's remaining claim for breach of contract (seeking money damages including punitive damages) and request for declaratory judgment are outside the limited

---

[27] *See Graciano v. Abode Healthcare, Inc.*, 2024 WL 960946, at *10 (citing *Athene Life & Annuity Co.*, 2019 WL 3451376, at *7–8 (Del. Ch. Mar. 7, 2022) (explaining "that if the mere threat of future breach or disregard of court orders triggered equitable jurisdiction, such jurisdiction would be general, not limited.")).

The Plaintiff's lien challenge also appears to overlap with the action pending before the Justice of the Peace Court. *See* D.I. 10, p.2 (describing the action). Allowing both actions to proceed would risk unnecessary duplication of efforts and inconsistent verdicts; the Plaintiff, having first filed in the Justice of the Peace Court, should not be permitted to burden this Court with an overlapping case. *Cf. Brookstone Partners Acquisition XVI, LLC v. Tanus*, 2012 WL 5868902, at *7 (Del. Ch. Nov. 20, 2012) (addressing, in the *forum non conveniens* context, the wasted resources and risk of inconsistent judgments inherent in parallel proceedings). *See also Saunders v. Danberg*, 2010 WL 2859140, at *2 (Del. Ch. July 15, 2010) (finding fault with a self-represented party filing an action in this Court while an overlapping case remained pending elsewhere).

scope of this Court's jurisdiction. Because I find this Court is without jurisdiction, I decline to address the remaining claims and requests for relief on their merits.

3. The Plaintiff's arguments against dismissal are unavailing. The Motion was, in essence, a notice to lift the stay. I find no further action was required under the Chancellor's assignment letter, which permitted either side to unilaterally lift the stay by notice. Further, I find no fiction or sanctionable behavior evident in this genuinely contested proceeding.

4. The Plaintiff's claim under Section 220 and request for injunctive relief are hereby DISMISSED. Without either jurisdictional hook, the remainder of the Plaintiff's complaint is outside this Court's jurisdiction and should be dismissed with leave to transfer to a court of law. The Plaintiff has 60 days from the date of this Order to elect to transfer; absent transfer, the Plaintiff's complaint will be dismissed in full, and this action will be marked closed.

5. This is a final report under Court of Chancery Rule 143 and exceptions may be filed under Court of Chancery Rule 144.

*/s/ Selena E. Molina*
Magistrate Selena E. Molina